DODGE *v.* KELLER.

(Decided November 7, 1927.)

*Mr. Robert R. Pierce,* for plaintiff in error.
*Messrs. White, Hammond, Brewer & Curtiss,* for defendant in error.

VICKERY, J.   This case comes into this court on a petition in error to the municipal court of the city of Cleveland.   In the court below, Dodge, who was an undertaker, brought an action to recover for funeral services rendered at the funeral of Charles A. Keller's daughter, amounting to about $500.   At the trial of the action a judgment was entered for the defendant, Keller, and a motion for a new trial was

made and overruled. Error is prosecuted to this court to reverse that judgment.

From the record, we learn that the decedent was the daughter of Charles Keller and Alice Keller; that, prior to the proceedings instituted in the court below, there had been a divorce suit filed by Keller against his wife, and at the hearing of that divorce case a decree had been entered in favor of Keller for the aggressions of the wife. The wife, however, was given the custody of this minor child, and Keller was ordered to pay to Alice Keller, the mother, the sum of $1,000, payable in installments at stated times, as provided for in the decree, and it appears that thereafter, he having met all the payments that were due up to that time under the decree of alimony or divorce, but while there was still some $240 remaining unpaid afterward to become due, the daughter died, she being in the custody and control of the mother. It further appears that the mother made a contract or employed Dodge as a funeral director, and it is claimed that, in pursuance with that contract, he rendered the services for which suit was brought.

It, however, does not appear from the record that Charles Keller, the defendant in error, either requested the services of Dodge, or after said services were rendered, promised to pay for them, and the right of action is based solely upon the proposition of law that, he, as the father, was responsible for the funeral expenses of his minor child.

It must be remembered in this case that Mrs. Keller had made this contract, and the child was in her support, care, control, and custody, and it does not appear why the suit was not brought against the

mother. She surely was responsible for this obligation, in view of the decision upon this proposition in *Rowland* v. *State*, 14 Ohio App., 238, decided February 5, 1921, where a motion to certify was overruled by the Supreme Court, where it was held, under circumstances almost entirely similar to those of the instant case, that the father was not responsible, and was released from the obligations of a suit of this kind. We are not unmindful of the fact that that was a criminal case, and the decree of divorce in that case, in so many words, released the father from any further liability, and we are likewise not unmindful of the fact that that court, to wit, the Court of Appeals of the Third Appellate District, recognized the duties imposed upon a father to maintain his children in case of necessities even where there had been a divorce, but we think that this case and others are authority for the doctrine that this sort of a suit could not be predicated against the father.

Now the record shows that the father was limited to a payment of $1,000 for the support of this child, and that all had been paid except $240. The jurisdiction of the common pleas court in a divorce action is a continuing jurisdiction, and, under the changed circumstances of the father and mother in this case, the death of the daughter calling for unlooked for expenditures, the mother might well go into the court of common pleas and ask to have an extra allowance made to her; in other words, to modify by enlarging the former order of the common pleas court. Then she would have means to pay these funeral expenses, if it was a just charge. But, under the rules of the law, and the evidence in this

case, we do not think this suit can be planted against the father.

Therefore the judgment should be, and is, affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.