No. 869

HEPNER v. FEIL

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8478.   Decided Nov. 7, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

769.   MINORS.—615.   Husband and Wife.—413.   Divorce and Alimony.—Where parents are divorced and minor child is in custody of mother and father is paying alimony and for support of child, father not liable for child's medical service.

Error to Municipal Court.
Judgment affirmed.

Sanborn & Nacey, Cleveland, for Hepner.
Paul Stowe, Cleveland, for Feil.

FULL TEXT

VICKERY, J.

This case comes into this court on a petition in error to the Municipal Court of the City of Cleveland.

The facts in this case are similarly like the facts in the case of Dodge v. Keller, No. 8495. In the instant case, the judgment was rendered in favor of Dr. Feil, in the sum of seventy-five dollars, for the care of the defendant

below, plaintiff in error's minor son, and it is to reverse that judgment that error is prosecuted here.

In this case it appears that the father and mother were separated by a decree of divorce and the child in question was given to the control and support of the mother and the father was ordered to pay a certain amount as alimony and for the support of the minor children, which he had paid regularly. Now the child in question was a sickly child and needed medical attention, and notwithstanding the fact that the father had been relieved, we might say, from further support of the children other than the payment of the money ordered by the decree of the court, nevertheless he employed two physicians outside to take care of this child, and while he was thus paying the sum stipulated in the decree and while he was employing physicians outside, without his knowledge or assent, the mother employed Dr. Feil and the services were rendered this boy under the contract with the mother. The father neither requested the services nor promised to pay them thereafter, and the question would then arise if, under those circumstances, the father could be compelled to pay, and the case of Rowland v. State, 32 Oh. Ap. 75, is authority that such payment could not be collected from the father under the circumstances as outlined in this case, and if this case were properly before this court it would have been reversed, but on an examination of the transcript and the proceedings, we find there was no bill of exceptions filed in this case as the law requires.

Therefore, the matters which we have discussed are not before the court and the judgment notwithstanding the law upon the subject will have to be affirmed.

(Sullivan, PJ., and Levine, J., concur in judgment.)