## LEE v HEMPY

Ohio Appeals, Third Dist, Seneca Co
No 203. Decided Oct 25, 1929

Ora R. Wade, Fostoria, for Lee.
Jean E. Simpson, Forest, for Hempy.

CROW, J.

No reported case in Ohio, had facts which raised the precise question; but it was held in **3 Ohio Appellate Reports 111,**

that the husband is not relieved from liability when he and his wife were living separate and apart and there was a written contract wherein it was stipulated that he was released from all claims his wife might have against him for her support and maintenance. The court also said that recovery could be had from either the surviving husband, or from the deceased wife's estate.

The case in **21 Ohio Decisions, 726,** decided that where husband and wife were living separate and apart and an allowance had been made to her of alimony pending suit, recovery could be had from the surviving husband.

It is so well settled as to require no citation of authority that at common law the surviving husband was primarily liable for the funeral expenses of his wife, and such is still the law unless the statute altering the status of women as regards their rights and obligations in respect to property, have abrogated the rule.

This feature was ably treated in 3 Ohio Appellate Reports, **supra,** and it was there decided that no such abrogation had been made. We fully sanction that holding.

The case of **McClellan v. Filson, 44 OS. 184,** settled the point that the statute directing the payment of funeral expenses may apply to the estate of the deceased wife, though she left a husband surviving, who had property. But the funeral expense had been incurred by a son who became executor under the will of the deceased wife.

The learned judge who delivered the opinion forcefully discussed the reason underlying the statute and alluded to the surviving husband's liability "as between him and the undertaker," and by other language, recognized the liability of such husband. Although what was said concerning that matter, must be regarded as dictum, inasmuch as the controversy was not between the undertaker and the husband, it is readily apparent that the writer of the opinion strongly believed that the liability of such husband was primary. Indeed, some doubt was cast on the liability of the wife's estate, for her funeral expenses in the absence of special circumstances.

Whether, under facts such as those existing in the case before us, there could be a recovery by the husband from the estate of his wife, after payment by him, we do not discuss, but will merely refer to two cases directly in conflict, namely, **9 N. P (N. S.) 565,** affirmed by the Circuit Court on the reasoning in the opinion of the trial court, which judgment of affirmance was affirmed in **82 OS. 403,** and the case of **Clawson, Administrator v. Briggs, 16 C. C. (N. S.) 225.**

We hold that the common law liability of the surviving husband continues to exist, and therefore plaintiff was entitled to the judgment in his favor for the articles and services he furnished for the wife's burial.

Before Judges Hughes, Justice and Crow.