## HARKER v WOLFF

Ohio Appeals, 2nd Dist, Montgomery Co
No. 999. Decided April 27, 1931

Joseph Sharts, Dayton, for Harker.
W. A. Swaney, and Otterbein Creager, Dayton, for Wolff.

HORNBECK, J.

We thus have the narrow law question whether or not compliance with the decree of the trial court absolved the father, the defendant, from any further liability for maintenance and support of his minor child. Both the trial court and the Common Pleas Court so held. With their determination we concur.

In our judgment the case is controlled by statute. Two sections are pertinent. The general obligation of parents is defined in §7997 GC.,

"The husband must support himself, his wife, and his minor children out of his property or by his labor.

If he is unable to do so, the wife must assist him so far as she is able."

The power of the court in divorce actions where children are involved is found in §11,987 GC.

"The granting of a divorce and dissolution of the marriage in no wise shall affect the legitimacy of children of the parties thereto. The court shall make such order for the disposition, care and **maintenance** of the children, if any, as is just."

Acting with the knowledge of the obligation of the father as prescribed in §7997 GC and under the power vested in it by §11,987 GC, the court in the divorce case determined that $7.00 per week was a just and proper sum for the father to pay for the care and maintenance of his minor children. In so doing the court fixed the minimum and maximum which the father was required to pay to meet his legal obligations to support his children.

In the absence of an express promise on his part or circumstances from which such promise could be clearly inferred he cannot be held for any further obligation for care and maintenance of his minor children.

Our attention has been directed to several cases touching the general subject matter here under consideration. Our decision in nowise conflicts with the adjudication in any of these cases. **Pretzinger v Pretzinger, 45 Oh St, 452** was predicated upon a state of facts wherein the court found at page 458:

"The court decreed an allowance to her (the mother) as alimony, but it does not appear that any amount was made to compensate her for the expense of her son's maintenance."

And in the syllabus it is stated that:

"The decree carried no provision for the child's support."

In **Fulton v Fulton 52 Oh St, 229,** the action was instituted by the wife to recover for necessary provisions for their children but it will be noted that in that case the decree had been granted for the aggression of the wife, coupled with the fact that no mention was made concerning support money for the children.

Without further comment on the other cases cited by counsel for plaintiff **Elem v State, 5 Oh Ap 12** and **Burgoyne v Smith 19 N. P. (N.S.) 75** suffice to say that neither of them hold that a father is obliged to pay a greater sum for support for his children than that fixed by the divorce decree where the court has expressly considered and adjudged the amount he shall pay for such support.

The question is discussed in 19 Corpus Juris at page 353, et seq., and it is stated that:

"Cases concerning the support of children after divorce of the parents may be divided into three classes:

(1) Where the decree is silent as to both custody and maintenance of the child.

(2) Where the decree provides for the custody of the child but is silent as to its maintenance.

(3) Where the decree not only provides for the custody, but also requires the payment of money for the maintenance of the child."

And at page 355:

"In the three classes of cases mentioned above where * * * by the decree itself, * * * maintenance of the child is provided for the duty of support is upon him or her on whom the decree places it. The court may impose the entire obligation to support and maintain the minor child on either the father or the mother."

We are of opinion that the Common Pleas Court committed no error in affirming the judgment of the Municipal Court. Judgment of the Common Pleas Court affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.