## BAUMGARTEN v BAUMGARTEN

Common Pleas Court, Cuyahoga Co

Decided May 31, 1939

Jos. C. Breitenstein, Cleveland; Jay L. Ward, Cleveland, for plaintiff.

Hefferman & Koubek, Cleveland, for defendant.

## OPINION

By MERRICK, J.

This cause comes before this court on a motion by defendant to modify a prior decree of divorce. The motion contains two requests referred to hereinafter in this memorandum opinion.

To better understand the questions which are raised in this motion a recital of the facts is necessary.

On June 28, 1937, a decree of divorce was entered in this case and in addition to decreeing a divorce to the defendant for the aggression of the plaintiff as set out in a cross petition which was personally served, the decree awarded certain articles of personal property to each of the parties and ordered the plaintiff to pay certain hospital and doctor bills which had been incurred by the defendant shortly before the date of the decree. The decree then follows along and concludes the disposition of the question of alimony and property rights in the following language:

"* * * All of which shall be in full apportionment of the property rights and in full satisfaction and adjustment of all marital interests, all rights and claims in and to the property of the parties, alimony, support, and any claims, demands and accounts of any nature whatsoever which the said Caroline Baumgarten, individually may have against the said John Baumgarten as

an individual, arising out of said marital relationship * * * It is hereby ordered, adjudged and decreed by this court that the question of the custody and support of said minor child * * * is certified to the Juvenile Court of Cuyahoga county, Ohio, for such action and decision as said court may deem proper * * * ."

On July 14, 1937, shortly after the divorce decree was spread upon the journal, a further decree was put on as follows in part:

"* * * The court * * * finds * * * that an order was made for support of said child; that there is due and unpaid in this court approximately One Hundred and Thirty Dollars; and the court grants * * * and makes the following order: The matter of future custody and support of said minor child of these parties is hereby certified to the Juvenile Court of Cuyahoga county for further proceedings in accordance with §8034-1, GC."

Immediately upon the entry of the decree of certification, the Juvenile Court assumed jurisdiction of the question of the custody and support of the child and continued to do so until the year 1938 when the child died. In the interim between the certification of this court and the death of the child, the Juvenile Court made orders for weekly payments for the support of the child and placed its custody with the defendant, all of which were complied with by the plaintiff. No further order was ever made by the Juvenile Court with reference to the item of $130 contained in the certification order.

The defendant expended some of her own funds to defray the expenses of her child's last illness and likewise paid the expenses of her child's funeral.

FIRST REQUEST

Defendant's first request contained in the motion now under consideration reads as follows:

"That the plaintiff John H. Baumgarten pay the defendant the sum of $141.50 being the sum still due her un-

der a temporary order of this court for the support of Henry Baumgarten, child of the parties to this action."

This motion squarely raises the question of the jurisdiction retained by Common Pleas Court after any arrearage on prior orders are certified to the Juvenile Court under §8034-1, GC which reads as follows:

"In any case where the Common Pleas Court * * * has made an award of the custody of a minor child * * * and an order for support * * * such court may certify the same to the Juvenile Court of the county * * * and thereupon the jurisdiction of the Common Pleas Court * · * in such case as to the custody and support of such minor child or children shall cease."

Sec. 1642-1, GC, reads as follows:

"In any case where the custody and support of a minor child or children has been determined and decreed by the Common Pleas Court * * * and such case has been certified to the Juvenile Court as provided in §8034-1, the Juvenile Court shall have jurisdiction to proceed therein as in original cases."

So long as the Juvenile Court had jurisdiction of the question of the custody and support of this child, this court had no right to make any order relative to such questions. It appears that this court had no jurisdiction of these questions which might have arisen between the date of July 14, 1937, and the death of the child. Likewise, when the Common Pleas Court certified to the Juvenile Court the matter of the arrearages which had arisen on the support orders in Common Pleas Court, thereafter the Common Pleas Court was without any jurisdiction to make any order relative thereto. In fact, the statute gives full jurisdiction to the Juvenile Court to enforce the orders of the Common Pleas Court after such orders have been certified under authority of §8034-1, Slawski v Slawski, 49 Oh. Ap 100; 1 OO 201.

This court is of the opinion that when the Common Pleas Court certified the arrearage to the Juvenile Court that this court surrendered all jurisdiction as to that question and that thenceforth the Juvenile Court had continuing and exclusive jurisdiction as to any modification or amplification of that order or as to any application to cite the plaintiff for any alleged contempt of that order. The Juvenile Court was charged with knowledge of the order existing in the case at the time it assumed jurisdiction and such order became an effective order of the Juvenile Court until reversed or modified. Sonnenberg v State, 40 Oh Ap 475.

The Juvenile Court thus would have jurisdiction of the question of the certified arrearage, the expenses of the child's last illness and any other charges that are proper expenses for support of the child which were incurred during the minority lifetime of such child. This being an application to invoke the jurisdiction of the court as to some of those alleged expenses this court is without any jurisdiction of such question and for this reason the first request contained in the motion will be overruled.

SECOND REQUEST

Defendant's second request contained in the motion reads as follows:

"That the plaintiff pay the defendant the sum of $326.14 for medical and hospital care, funeral and burial for Henry Baumgarten, child of the parties hereto."

The medical and hospital expenses of the child's last illness were proper items of support of the child during its lifetime and the Juvenile Court has jurisdiction of those matters, this court having lost such jurisdiction by virtue of the certification of such question to the Juvenile Court. Slawski v Slawski, supra.

The expenses incident to the funeral of the child present a different question. A funeral is not an item of maintenance or support arising during the life of the child. When the child died, the funeral became an obligation of the par-

ents, particularly, if there had been no divorce, it became an obligation of the father.

In this case the parents, having been divorced and the custody placed with the defendant, the expenses incident to the funeral became the legal obligation of the defendant. **Dodge v Keller, 6 Abs 6.**

Having been obligated to pay the funeral expenses, the defendant ordinarily could then apply to the proper court for an allowance to compensate her and reimburse her for these expenses. Such application would not be one for maintenance and support of the child but would come within the category of expenses of the ex-wife, growing out of the marital relationship. Under this theory this court would have jurisdiction to order the plaintiff to reimburse the defendant for such expenses, if there was no other bar to such claim.

Referring to the divorce decree entered in this court, the following language is therein contained:

"* * * all of which shall be in full apportionment of the property rights and in full satisfaction and adjustment of all marital interests, all rights and claims in and to the property of the parties, alimony, support, and any claims, demands and accounts of any nature whatsoever which the said Caroline Baumgarten, individually may have against the said John Baumgarten as an individual arising out of said marital relationship."

In the opinion of this court, this language in the decree was a final and full disposition of all questions of alimony and other obligations and claims between the parties other than maintenance and support of the child. This court is of the opinion that the expenses incurred by the defendant in the burial of the child was an expense of her own which is included in the release contained in the decree and for which the plaintiff can not now be held liable.

Having finally and fully disposed of the property and alimony rights in the former decree and having foreclosed the right to re-open the same, this court thereby finally exhausted its jurisdiction and can not now entertain any jurisdiction as to those questions, even though conditions may have changed.

Following the above conclusions the court overrules both requests contained in the motion. Counsel may draw a decree accordingly.