OPINION
By HORNBECK, J.
This is an appeal from a judgment of the Common Pleas Court affirming an order of the Probate Court of Darke County, Ohio, dismissing the exceptions filed by appellants to the first and final account of T. A. Billingsley, administrator of the estate of George N. Roeser, deceased.
The facts essential to an appreciation of the questions presented are that on August 2, 1932, George N. Roeser was killed in an automobile accident in Indiana. The appellants, Funeral Directors, conducted the funeral at a cost of $313.00. Counsel for the respective parties in their briefs agree that George N. Roeser, at the time of his death, was unmarried and the minor son of Harley J. Roeser and Florence B. Roeser. These agreed facts do not appear in the record nor from the papers from the Probate Court, which are made an exhibit in the case.
Appellants made the charge for funeral services the subject of an account against George Newto-n Roeser, the father of decedent, and made the notation on the ledger, “Ordered by Harley J. Roeser, charge to same.” The funeral services were conducted on the 4th of August, 1932, and on the 19th of that month Harley J. Roeser made a payment of $123.00 on account, which was credited to him, leaving a balance of $190.00 which, with interest at 6% per annum, was the amount of appellants’ claim.
On August 10, 1932, the administrator was appointed for the purpose of bringing a wrongful death action but soon after the appointment the administrator also learned that the decedent had an accident policy upon which the administrator made collection of $1100.00. The action for damages for wrongful death was instituted and as a result thereof the court *376 authorized settlement upon payment of the sum of $2000.00, which also came into the hands of the administrator. The administrator filed, no schedule of debts, paid the debts which he recognized as claims against the estate and distributed the money on hand to the father and mother, heirs at law of the decedent.
The proceeds of the insurance policy from which appellant claims it should be paid were distributed in September prior to the expiration of the four month period within which claims could properly have been filed with the administrator.
The administrator filed his first and final account on January 23, 1S37 and it was set for hearing on February 27, 1937. The account shows distribution of the funds coming to the estate after payment of debts listed. On February 23, 1937, appellants filed their exceptions to the account on two grounds, first, because the account of the exceptors had not been paid and second, no schedule of debts had ever been filed. The Probate Judge overruled the exceptions upon two grounds:
First: “That the evidence is insufficient to establish the presentation of the claim of C. J. Miller and Sons to the administrator for allowance.”
Second: “That the evidence submitted tends to prove that C. J. Miller and Sons looked to H. J. Roeser for payment of the fuñera,! expenses, which said expense account has been incurred upon the orders and directions of H. J. Roeser.”
Upon the question of the presentation of the claim of appellant to the administrator, it is testified bv Homer A. Miller of. the appellant firm that on several occasions, beginning as early as August, 1932, he had talked to Mr. Billingsley about the balance due on its claim and that on October 8, 1932, he took a statement of appellants" account to Mr. Billingsley’s office and delivered it to Miss Leaman, Secretary to Mr. Billingsley. The identical form of the account which was presented to Mr. Billingsley is not set forth but from all that appears, it may be assumed that it was a copy of the original account, made up at the time that the appellant performed the ser-i vices and furnished the supplies incident to the funeral of decedent. Mr. Billingsley testifies that he did not receive the statement of the account left with his secretary; that he saw no claim and none was presented to him, either with or without affidavit, by appellant, and he did not know that the funeral expenses were unpaid until after the money which came into •his hands as administrator 'had been dispersed. Miss Leaman, Mr. Billingsley’s Secretary, did not take the stand.
If the Probate Judge was correct in his determination that the' evidence failed to establish presentation of the claim of the appellant to the administrator for allowance or that appellant did not look to the estate of the decedent for payment of its account but to H. J. Roeser, decedent’s father, or, if for any other reason the exceptions should have ioeen overruled, the judgment of the Common Pleas Court must be affirmed. It is our opinion that there is support in the record for both propositions upon which the Probate Court predicated its action.
Upon review, the Common Pleas Court and this Court must indulge every reasonable presumption to support any finding of fact by the Probate Judge upon which there is credible evidence and *377 likewise must accord to the Probate Judge the right to weigh the evidence and determine the credibility of the witnesses. If this rule be strictly observed, we could support the judgment upon the test of the credibility of the witnesses but ic is our judgment, and it is probable, that the Probate Judge gave full weight and credence to the testimony of all witnesses. This, we believe, can safely be done without disturbing the judgment.
At the outset, the query arises if exceptions to the administrator’s account was the proper procedure, if a claim had been filed with the administrator inasmuch as it is conceded that it was neither allowed nor rejected. Re: Heimberger, 6 OO 51.
Though not set up in the Probate Court, it is urged here, that the failure of the administrator to file a schedule of debts as required by §10509-118 Gc precludes the approval by the court of the account of the administrator. If any penalty is to be visited upon the administrator for failure to observe this statutory requirement it does not appear how it will operate to the advantage of appellant nor enable it to require an allowance or disallowance of its claim.
Appellants’ rights must rest upon its compliance with the law requiring the presentation of its claim to the administrator for allowance. Adams and Hosford Probate Practice and Procedure (3rd Ed.) 943, Rockel’s Ohio Probate Practice, p. 477, note 24, Devers v Schreiber, 50 Oh Ap 442. The. record does not require the conclusion that the administrator’s knowledge of the claim of the appellant was such that he waived its presentation or was charged with the obligation of reporting it in the schedule of debts as a claim against the estate. Time for compliance with the Code as to presentation of claims §10509-112 GC, unless within an exception, had elapsed before the schedule of debts was required to be filed. §10509-118 GC.
We may assume that Mr. Miller presented appellants’ claim to Miss Leaman, the Secretary of Mr. Billingsley, the administrator, on the date suggested, namely, sometime in October, 1932. Miss Leaman not taking the stand, we may indulge the presumption that she would not have contradicted Mr. Miller’s statement had .she testified. It is generally held that as to' presentation of a claim to the administrator literal compliance with the statute is required. Adams & Hosford O. P. P. 943.
If it be granted that Mr. Billingsley, as administrator, is charged with notice of the presentation of the account, what is its legal effect? In our judgment, it is not sufficient to inform the administrator that appellant was looking to the estate of George N. Roeser for payment. On the contrary, it shows on its face that the charge was made to the father of the decedent. All of the facts in the case comport with this theory. Certainly, if appellant was making formal presentation of the claim against the estate of the decedent, there should have been something on the face of the claim which would indicate such purpose. The statement showed a charge to Harley J. Roeser and the only credit on the account paid by him. If George N. Roeser was a minor, as was agreed by the parties, then the obligation for the funeral expenses was a primary debt of the father. 46 C. J. 1278.
We do pass upon the obligation of the estate to' pay under the statute, if appellant had charged the estate with the account, or, if we *378 were required to say that a claim against the estate was duly filed with the administrator.
It is interesting to note, however, that §10509-121 GC in determining priority of payment is directed only to debts of the deceased. When a husband pays the funeral expenses for his wife, for which he would be primarily liable, §10509-125 GC provides that he may be reimbursed for such expenditures if the rights of other creditors will not thereby be prejudiced. This statute was enacted long after the decision in McClellan v Filson, 44 Oh St 184. There is no comparable section as relates to the payment of funeral expenses by a father for his child.
Without more than appears on the original of the statement in the record or from the testimony respecting appellants’ account the Probate Court was well within its province in holding that it did not appear that it was looking to the estate for its pay. There is nothing to indicate that appellant availed itself of the provisions of §10509-113 GC, which provides that:
“A claim shall be deemed disputed or rejected, if the executor or administrator, on presentation of the vouchers thereof, refuses, on demand made to endorse thereon his allowance of it as a valid claim against the estate.”
The filing of a schedule of debts would have been of no benefit to appellants because, upon the testimony of the administrator, he would not have been required to report its claim as a debt of the estate. In this situation the appellants would not have been notified of any hearing on the schedule of debts.
Some claim is made on behalf of the administrator by reason of the fact that §10506-37 GC was not complied with, in that the exceptions to the account were not filed “not less than five days prior to the date set for hearing.” This claim is countered by appellant by showing that the account was set for hearing on February 27, 1937, that February 21st was Sunday, February 22nd, Washington’s birthday, on both of which days the office of the Probate Court was closed and the exceptions were filed on February 23rd, four days before the date of hearing, which, under the facts appearing, it is insisted should be construed to be sufficient compliance with the statute. We are not required to decide the effect of the failure to file the exceptions within the strict terms of the requirements of the Code because it is apparent that the Probate Judge did not invoke the statute but gave full consideration to the exceptions which, no doubt, he bad the right to do.
We have somewhat at length discussed the legal rights of the parties. Aside from these legal rights, we appreciate that the appellant in this case has, by reason of the unusual circumstances, unfortunately suffered a loss of a part of its account, a just claim which should have been paid. It is probable that the appellants and the administrator were expecting that the father of decedent would pay the balance due on the account. If the administrator or the appellants had been a little more particular and a little more insistent, no doubt the payment would have been made as contemplated. However, there is no reason to believe that all parties did not act in good faith, although, no doubt the administrator was misled in his belief that the father of decedent would take the money which he had received from the estate and *379 pay the sum which he owed to the appellant.
Upon full consideration of the interesting question which is well presented by counsel, we are of opinion that the judgment of the Common Pleas Court should be affirmed. It is so ordered.
GEIGER, PJ. & BARNES, J., concur.