## SHIELDS, Estate of, In re.

Probate Court, Allen County.

No. 27933. Decided December 17, 1953.

A. A. Klipfel, Jr., Wapakoneta, for administrator.
Anthony J. Bowers, Lima, for exceptors.

### OPINION

By QUATMAN, J.

This cause is before the court on the motion of Doris Swallow, Betty M. Gibbs, Cecil Dawson, Jean Cheney Carter and Francis E. Cheney, children of decedent, excepting to certain claims listed in the Schedule of Debts. The claims in dispute consist of doctor and hospital bills incurred during decedent's last illness and the claim of Ira E. Shields, sur-

viving spouse, for reimbursement for payment to Lima Memorial Hospital.

Objectors assert that expenses of last illness in such instance are primarily the responsibility of the surviving husband and cannot be charged against the deceased wife's estate. In support thereof the court is referred to §3103.03 R. C.: "The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able." Several cases on point are also cited in support of their contention.

Ira E. Shields, through his counsel and in support of his claim and the other claims in question, relies on §2117.25 R. C. and the case of **McClellan v. Filson, 1886, 44 Oh St 184,** 5 N. E. 861. The code section in effect requires that every administrator shall pay the debts of the deceased and sets out the priority of claims. Expenses of last illness are listed fifth in line of preference.

Counsel of claimant, Ira E. Shields, in his brief, strongly argues that the McClellan case, supra, once and for all established the law in Ohio as placing primary responsibility for such claims upon the estate of the deceased wife. The decision rests heavily on the aforesaid section. This court agrees that the McClellan case, supra, is replete with dicta that if taken alone would establish as valid the claims herein questioned.

Since the decision in the McClellan case supra, the issue here presented has been before the courts of this state many times which in itself is an indication that the McClellan case, supra, is not decisive of anything more than the facts of that case. The evidence in that case disclosed that the surviving husband did not contract the indebtedness and in fact the creditors in question had looked to the decedent's separate estate at the time they were engaged. On **page 191** of **44 Oh St,** on page 865, of 5 N. E. of that decision the court is careful to limit its holding, viz.:

"We expressly disclaim any purpose of deciding what is not before us. We hold that, **under the circumstances,** the executor had the right to follow the statute: to pay the physician's bills and the funeral expenses from the estate of the testatrix, and, having paid them, has now the right to be allowed for such payments." Spear, J. (Emphasis ours.)

Clawson v. Briggs, 1907, 16 Ohio Cir. Ct. R. N. S., 225, flatly holds that the primary responsibility for such expenses is upon the estate of the deceased wife. The question was again before the court in the case of Phillips v. Tolerton, Ex'r, 1908, 20 Ohio

Dec. 249. In a very excellent opinion, and one in which this court wholly concurs, the court found the liability to rest on the surviving husband. In **Lee v. Hempy, 1929, 35 Oh Ap 402, 172 N. E. 421,** the court had both of the preceding cases before it as well as the McClellan case, supra, and under the same facts as the instant case had no difficulty in finding the primary liability to rest on the surviving husband.

The court finds nothing in the evidence or testimony of the witnesses to substantiate the allegations contained in the brief of Ira E. Shields to the effect that an agreement concerning the bills in dispute had been worked out between Ira E. Shields and one or more of the objectors prior to decedent's death. Aside from the possibility of an estoppel it is questionable if such an agreement as alleged would be valid considering it concerned property belonging to decedent, it was made while decedent was in full life and decedent was not a party to it.

Objections sustained.