DOOR COUNTY MEMORIAL HOSPITAL, PLAINTIFF-APPELLEE, *v.* COLE, SR., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25227. Decided December 21, 1960.

*Mr. A. W. Bell*, for plaintiff-appellee.
*Mr. Russell V. Bleecker*, for defendant-appellant.

(DOYLE, P. J., HUNSICKER, J., of the Ninth District, GRIFFITH, J., of the Seventh District, sitting by designation in the Eighth District.)

HUNSICKER, J.   William Cole, Sr., employed as a seaman by Tomlinson Fleet Corporation, was sued by Door County Memorial Hospital of Sturgeon Bay, Wisconsin, in the Municipal Court of Cleveland, Cuyahoga County, Ohio, for hospital and medical services rendered his wife and minor child.   Attachment of the wages of Mr. Cole was made by service upon Tomlinson Fleet Corporation, his employer.   A judgment was rendered against Cole for the medical and hospital service rendered his wife and child and an order was issued to his employer to pay the money to the court.

It is from the order to pay into court the wages of Mr. Cole held by Tomlinson Fleet Corporation that an appeal is now before us.   Mr. Cole says the trial court was without authority to issue an order against his wages as a seaman.

To sustain the contention of Mr. Cole there is cited to us 46 U. S. C. A., Section 601, which reads as follows:

"No wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court, and every payment of wages to a seaman or apprentice shall be valid

in law, notwithstanding any previous sale or assignment of wages or of any attachment, encumbrance, or arrestment thereon; and no assignment or sale of wages or of salvage made prior to the accruing thereof shall bind the party making the same, except such allotments as are authorized by this title. This section shall apply to fishermen employed on fishing vessels as well as to seamen: *Provided.* That nothing contained in this or any preceding section shall interfere with the order by any court regarding the payment by any seaman of any part of his wages for the *support and maintenance* (emphasis ours) of his wife and minor children."

It is to be noted that the last sentence of this section as above quoted in effect gives to a court authority to make an "order" against a seaman's wages for the "support and maintenance of his wife and minor children." It does not matter whether such order is made direct against the seaman or to his emloyer, as in the case before us. *Avilla* v. *Avilla,* 183 P. 2d, 668; *Michenheim* v. *Cathcart,* 84 So. 2d, 449; 56 A. L. R., Wages of Seaman, 628.

It is a part of a husband's natural obligation that he support his wife and children with the necessaries of life in accord with the station in life occupied by such family. The legal sense of the words "support" and "maintenance" is the same as the understanding of them in every day life subject to the qualification above stated.

The phrase "support and maintenance" when used with reference to persons includes medical and hospital service. 54 C. J. S., 905; 50 American Jurisprudence, Support of Persons, par. 2, page 870; and in such sense it was used in Section 601 of 46 U. S. C. A.

A debtor should not be able to avail himself of a statutory exemption to deprive his wife and minor child of medical and hospital care when such law of exemption, with its exception provision, was designed for the protection of a wife and minor children.

We therefore determine that where a valid judgment is rendered against a seaman for medical and hospital service to his wife and minor child, an attachment of wages due the seaman may be made to enforce collection of that judgment since

such medical and hospital service falls within the exception to exemption of a seaman's wage under paragraph 601 of 46 U. S. C. A. as being "support and maintenance of his wife and minor children."

The judgment herein must be affirmed.

Judgment affirmed.

DOYLE, P. J., GRIFFITH, J., concur.