IN RE TERRELL.

(No. 34776—Decided July 29, 1976.)

*Ms. Patricia A. Vance*, for appellant.

*Mr. John T. Corrigan*, for appellee.

PARRINO, J. In July of 1963 appellant Leon Terrell, while represented by counsel, entered a plea of guilty to a charge that he had failed to support and maintain his minor child, Lynette Denise Terrell.[1] At that time appellant was sentenced to serve one year in the workhouse. However, the Juvenile Court suspended imposition of the sentence on the condition that appellant sign a voluntary wage assignment permitting his employer to deduct from his earnings and remit to the Cuyahoga County Juvenile Court the sum of $15.00 per week for the support of his minor daughter.[2]

---

[1] The record in this case does not indicate the statutory provisions under which appellant was charged. However, the charge was apparently based on former R. C. 2151.42.

[2] Such a sentencing procedure was authorized under former R. C. 2151.49.

On June 10, 1974 appellant's minor daughter died while a resident of Monroe County, New York. Shortly thereafter, the Monroe County Department of Social Services requested the Child Support Division of Cuyahoga County Juvenile Court to forward future support payments made by appellant until the Department was reimbursed for the amount of $750.00, which it alleged that it had paid for funeral expenses of the deceased child. Appellant was not notified of this request.

On July 8, 1974, the Juvenile Court complied with the Monroe County request, and ordered that all payments received by the court on and after June 14, 1974, were to be disbursed to the Monroe County Department of Social Services to satisfy payment of the child's funeral expenses. Appellant was notified of the July 8, 1974 order the following month.

On or about February 11, 1975, appellant filed a motion to modify the Juvenile Court's order of July 8, 1974, contending that the order made in 1963 for the support of his minor child did not authorize the Juvenile Court to subsequently order appellant to pay for the funeral expenses of that child. This motion was heard and overruled by the Juvenile Court on April 3, 1975. Appellant has brought this appeal from that decision.

Appellant has alleged two assignments of error for our consideration. The first is that the judgment entry ordering appellant to pay the costs of his deceased child's funeral is void because appellant was not given any notice or opportunity to be heard prior to the entry of that judgment. The second assignment of error is that the Juvenile Court's jurisdiction is limited to the issuance of an order for child support, and that such an order does not include the payment of funeral expenses for a deceased minor child. We find that both of the assignments of error are without merit.

It is a fundamental societal principle that a father has an obligation to support his minor children and to provide them with "necessaries." This principle has long been embodied in both the common law and statutes of this

354

state. *See, Pretzinger* v. *Pretzinger* (1887), 45 Ohio St. 452, 458; R. C. 3103.03; R. C. 2919.21.[3]

If a father fails to fulfill his obligation to support his minor children, it is evident that there is a distinct possibility that the state will have to assume that obligation, and that the children will be supported at public expense. For that reason, a father's obligation to support his children is considered to be a duty owed to the state as well as to his minor children. *Bowen* v. *State* (1897), 56 Ohio St. 235.

Appellant does not dispute his general obligation as a parent to support his minor children. However, he contends that the obligation to support only extends to supplying the needs of the child while alive, and that "a deceased person no longer has need for support." Thus, he argues that the court's order to support the child did not include the imposition of an obligation to pay the funeral expenses of the child. We disagree.

It is generally held that it is the duty of a father to pay the funeral expenses of a minor child, and that he is liable in a reasonable amount to a third person furnishing such services. *In re Roeser's Estate* (1942), 37 Ohio Law Abs. 374; *Graul* v. *Adrian* (1965), 32 Ill. 2d 345, 205 N. E. 2d 444; *Venable* v. *Liberty Mutual Ins. Co.* (1962), 142 So. 2d 639.[4] The above principle applies with equal force to a situation such as that involved in this case. We hold that a minor's reasonable funeral expenses are considered necessaries, and upon the death of a minor child the Juvenile Court is justified in ordering the continuation of support payments being made by the father until such funeral expenses have been paid.

The providing of a decent burial for a deceased minor

---

[3] R. C. 2919.21 became effective on January 1, 1974. It consolidated the nonsupport features of the two former nonsupport statutes, R. C. 2151.42 and R. C. 3113.01.

[4] Similarly, it has been held that a husband has an obligation to pay the funeral expenses of his wife, *Lee* v. *Hempy* (1929), 35 Ohio App. 402, and that this obligation arises out of the duty of the husband to provide his wife with "necessaries." *Moss* v. *Hirzel Canning Co.* (1955), 100 Ohio App. 509.

child is no less a necessity arising out of the parent-child relationship than is the providing of food, shelter, clothing and other needs of a child while the child is alive. *See, Moss* v. *Hirzel Canning Co.* (1955), 100 Ohio App. 509, 511. The public interest requires that a parent assume responsibility not only for a minor child's needs while that child is living, but also for the funeral expenses of a minor child.

Therefore, we conclude that a father's duty to support a minor child includes an obligation to pay such child's reasonable funeral expenses in the event of the child's death prior to reaching the age of majority. We further conclude that the obligation to pay the funeral expenses of a minor child is encompassed within a court order to make payments to the Juvenile Court for the support of that child. Thus, in this case, the Juvenile Court order of 1963, which included appellant's agreement to pay $15.00 per week for the support of his child, imposed an obligation on appellant to pay the funeral expenses incident to his daughter's death as well as to provide the necessities of life.

Appellant also contends that the specific order to pay the funeral expenses, issued on July 8, 1974, violated his due process rights because he was not notified before the order was made. We find no due process violation.

Appellant bases his contention on the provisions of R. C. 3113.21(A), which states in part:

"In any action where support is ordered * * * where it appears to the court making such order that the person ordered to pay such support has failed to make payments in accordance with the order, the court * * * after notice * * * on the person ordered to pay such support, may order the employer to withhold from the personal earnings of such person * * * the amount ordered for support * * *."

However, it does not appear that R. C. 3113.21 is pertinent to this case. That provision applies to a situation in which a parent fails to make support payments in accordance with a court order. In such a case, the judge, after notice, may order the parent's employer to withhold the

amount of the support order from the parent's earnings.

In this case, appellant voluntarily signed a wage assignment agreement in connection with the court's original support order. The wage assignment was not ordered by the judge after a failure by appellant to comply with a court order. Thus, appellant had notice of and, in fact, acquiesced in the wage assignment.

Appellant's duty to pay for the funeral expenses of his child did not arise as a result of the court order on July 8, 1974. As we have stated, that duty was part of his statutory support obligation and was, though not expressly stated therein, impliedly included in the 1963 support order in which appellant agreed to pay $15.00 per week for the support of the child. The court order of July 8, 1974, served primarily an administrative function, directing that future payments be directed to another agency for a specific purpose—the payment of the funeral expenses.

In order to keep appellant fully informed as to all proceedings concerning support payments, the better practice would have been for the court to notify appellant and conduct a hearing prior to entering its order of July 8, 1974. However, in this case appellant was not prejudiced by that order for the reason that following appellant's motion to modify filed on February 11, 1975, the court on April 3, 1975, conducted a hearing thereon and overruled the motion. Thus, the fact that appellant was not notified before the 1974 order was issued did not deprive him of any due process or statutory rights.

Finding neither assignment of error to be well taken, we affirm the decision of the Juvenile Court.

*Judgment affirmed.*

JACKSON, C. J., and DAY, J., concur.