DYE, APPELLANT, *v.* DYE, APPELLEE.

318

Mr. *Lloyd J. Ramsey*, for appellant.
Mr. *C. Donald Morris*, for appellee.

MAHONEY, P. J. This is an appeal from a judgment of the Domestic Relations Division of the Common Pleas Court holding that a covenant in a separation agreement which mutually releases the parties from any obligations other than those set forth in the agreement relieves the noncustodial parent of any obligation to reimburse the custodial parent for the funeral expenses of their deceased child. We affirm.

*Facts*

The parties were divorced in 1967. The judgment entry incorporated the separation agreement into the judgment. The agreement provided for the father-appellee to pay weekly support payments, as well as extraordinary medical expenses, etc. The appellant mother was granted custody of the children. The father agreed to retain the insurance policies on the children. However, no mention was made of the type of policy, the beneficiaries or distribution of the proceeds. The agreement also contained the following clause:

"8. It is further agreed that this Agreement is a full and complete and final settlement of the rights, duties and obligations between the parties arising out of the marital relationship, including, but not limited to, alimony, division of property, support of the Wife, and any other rights and duties created by virtue of the marriage union."

In 1975, the parties' minor son died unexpectedly and the mother incurred $2,126.13 in funeral expenses. She now seeks to have the father reimburse her or at least contribute to that expense.

*Discussion*

The mother urges the application of *In Re Terrell* (1976), 48 Ohio App. 2d 352, and *Dodge v. Keller* (1927),

29 Ohio App. 114. The father cites *Baumgarten* v. *Baumgarten* (1939), 29 Ohio Law Abs. 112 (Cuyahoga C. P.) as supportive of the trial court's decision. That decision distinguished *In re Terrell* from this case because a third party sought reimbursement for the expense and there was no separation agreement between the parties. The trial court then held that the release contained in the judgment entry was controlling between the parties. *Dodge* v. *Keller, supra,* also involved a suit by a third party.

The Ohio courts have long held that a separation agreement is an absolute limit on liability. 41 Ohio Jurisprudence 2d 315, Parent and Child, Section 13; Annotation, 7 A. L. R. 2d 491; *Rowland* v. *State* (1921), 14 Ohio App. 238; *Hepner* v. *Feil* (1927), 5 Ohio Law Abs. 790; *Harker* v. *Wolff* (1931), 42 Ohio App. 540.

Dicta in *Dodge* v. *Keller, supra,* suggest that the mother, as custodian, could have sought a modification of the support order in the court. That case is silent as to the presence of a separation agreement containing a mutual release as in this case.

We hold that funeral expenses are a necessary extraordinary expense. They are necessary but are not an item of support and maintainance. As a general proposition, the custodial parent has the obligation of providing the funeral, as well as determining its manner and mode. We further hold that a covenant in a decree containing mutual releases, such as in this case, operates to limit the noncustodial parent's liability to matter expressly set forth in the agreement. We do not decide the question of the court's authority to modify the decree in the absence of such a convenant in the decree.

We overrule all assignments of error and affirm the judgment.

*Judgment affirmed.*

Victor and Brenneman, JJ., concur.

Brenneman, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.