## Sansone v. Sansone

130

C.P. of Erie County, no. 1013 of 1993.

*William J. Kelly Jr.,* for plaintiff.
*Gregory L. Heidt,* for defendant.

DOMITROVICH, *J.,* June 9, 2004—The issues before this court are: (1) whether plaintiff, Barbara J. Sansone, can recover funeral expenses incurred on behalf of the now deceased minor child from defendant, Robert L. Sansone, as a payment of child support, (2) if funeral expenses are recoverable as child support, which expenses should be allotted to defendant and in what proportion.

## I. FACTUAL AND PROCEDURAL HISTORY

The relevant factual findings are as follows: Plaintiff, Barbara J. Sansone, and defendant Robert L. Sansone, were previously married and are currently divorced. The parties' two children are Kayla R. Sansone, age 13, now

deceased, and Marika M. Sansone, age 17. An order dated February 8, 1994, by the honorable John A. Bozza currently governs the defendant's support obligations to his two daughters.

Regrettably, on November 26, 2003, daughter Kayla passed away due to cancer. Subsequent to her death, plaintiff unilaterally made the arrangements for two separate services to be provided for Kayla; one in Cranberry Township where Kayla spent a significant time growing up and attending school, and one in Erie County where defendant and his family reside and where plaintiff's extended family reside. Defendant was given notice of both services and attended both services. Defendant was not mentioned in Kayla's obituary printed in the Pittsburgh *Post Gazette* newspaper; however, defendant was mentioned in the obituary that ran in the Erie *Daily Times.* Defendant did not participate in coordinating or arranging any funeral services as plaintiff did not request his help and defendant did not offer. After attending both services, defendant agreed that it was reasonable to have two services since Kayla had multiple friends and family in both Cranberry and Erie, and he appreciated the separate services.

Plaintiff took out a life insurance policy on Kayla prior to discovering Kayla's illness in which plaintiff made bimonthly payments through her employer. Plaintiff received the sum of $10,000 from the life insurance policy upon Kayla's death. Plaintiff indicated that she would like to use the balance of the life insurance policy for her other daughter, Marika's college fund. Defendant did not

have a life insurance policy for Kayla and indicated that his employer did not cover life insurance for children.

Additionally, plaintiff received the benefit of in excess of $40,000 raised through the generosity of the Cranberry Township Neighborhood Charity Softball Tournament "to help offset [Kayla's] medical bills." See article from Pittsburgh *Post-Gazette,* dated April 15, 2004. Plaintiff also admittedly received numerous other generous donations of cash and other gifts, including a check for $1,000, to help offset the costs of Kayla's medical bills. Plaintiff is not certain of the balance left over from these donations after paying off expenses for Kayla's medical bills and funeral expenses. Plaintiff did not provide the court with an accounting of funds used from the in excess of $40,000 donations.

Subsequent to Kayla's death, plaintiff sought a review of the standing February 8, 1994 support order. This order directs that uninsured medical expenses are to be split evenly, with 50 percent paid for by plaintiff and 50 percent paid for by defendant. On January 14, 2003, a support conference was held before Support Officer Massimo Sala. Mr. Sala issued a recommended support amount of $731.67, which was accepted by both parties and is not in dispute. Mr. Sala then remanded the matter to this court for determination on the issue of the funeral expenses. Plaintiff maintains that all funeral expenses constitute uninsured expenses, and thus she should be reimbursed by defendant for half of the cost of these expenses. Specifically, the funeral expenses that plaintiff has incurred are as follows:

(1) Erie City Memorials—$2,887.

(2) Burton Funeral Home—$3,596.

(3) Devlin Funeral Home—$6,940.

(4) St. Boniface Church—$100.

(5) St. Matthais Church (Honorarium to Fr. Bernie)—$100.

(6) Organist/Singer & Mass—$100.

As defendant has contributed no funds to any of the above costs, plaintiff requests that defendant pay half of each expense as per the 1994 order.

## II. LEGAL DISCUSSION

The first issue is whether plaintiff, Barbara J. Sansone, can recover funeral expenses incurred on behalf of the now deceased minor child from defendant, Robert L. Sansone, as a payment of child support. As counsels for both parties have represented to this court and through the court's own research, this court is not aware of any reported Pennsylvania case law dealing with the specific issue of whether funeral expenses for a deceased child should be considered as expenses in determining child support payments. As this appears to be an issue of first impression, it is necessary to glean supplementary information from surrounding jurisdictions.

For example, an Ohio appellate court addressed the issue of whether a divorced parent is responsible to pay for burial expenses in *In re Terrell,* 48 Ohio App. 2d 352, 357 N.E.2d 1113 (1976). In that case, the illustrated principle was that a parent's duty to support his or her child is also a duty owed to the state. *Id.,* 48 Ohio App. 2d at

354, 357 N.E.2d at 1115. The court additionally considered the doctrine of necessaries which imposes a liability of a parent to pay third parties for furnishing services to a minor. Ultimately, the court concluded that a parent's duty to support a minor child includes the obligation to pay reasonable funeral expenses for any child who dies before reaching the age of majority. *Id.,* 48 Ohio App. 2d at 355, 357 N.E.2d at 1116.

Appellate courts in several other states have applied the doctrine of necessaries as obligating a parent to pay for the expenses incurred by his or her child, including medical and funeral expenses. See *e.g., Kaplon v. Harris,* 567 N.E.2d 1130 (Ind. 1991); *Rose Funeral Home v. Julian,* 176 Tenn. 534, 144 S.W.2d 755 (1940); and *Graul v. Adrian,* 32 Ill. 2d 345, 205 N.E.2d 444 (1965). More recently, an Alabama appellate court cited the above decisions in concluding that reasonable burial expenses are an obligation that a parent may be required to pay on behalf of a minor child and held that the trial court had jurisdiction to make a determination of any monies that the father owed to the mother regarding the burial expenses in that case. *Jones v. Jones,* 2003 WL 21488825 (Ala. Civ. App.).

Similarly, in Pennsylvania, the Supreme Court has long applied the doctrine of necessaries to obligate parents as liable when a third party contracts to supply a minor with necessaries not adequately supplied by the minor's parents. *Johnson v. Lines,* 6 Watts & Serg. 80, 1843 Pa. Lexis 116 (Pa. Sup. Ct. 1843).

After reviewing the above decisions in the light of the long-standing policy imposing a legal duty on parents to

support their children, this court concludes that reasonable funeral expenses are an obligation that a parent may be required to pay on behalf of a minor child. Therefore, this court finds that defendant has an obligation to pay a portion of the reasonable funeral expenses incurred on behalf of his child, Kayla. Additionally, the court finds that the funeral expenses submitted by plaintiff for reimbursement were reasonably incurred, as admitted to by defendant on the record at the time of hearing.

Since the court has concluded that the funeral expenses are recoverable, the second issue is determining which expenses should be allotted to defendant, and in what proportion. At the time of the hearing, plaintiff submitted bills of some of the expenses she incurred, other expenses listed by plaintiff were not supported by bills or copies of checks. The court will only consider those expenses that are supported with documentation as legitimate expenses. Additionally, at the time of hearing, plaintiff stated that she would not seek reimbursement from defendant for the cost of any limousine or transportation services expended for family of the child, since defendant's family was not given the benefit of riding in these designated funeral cars. In light of the foregoing, the court will consider the following funeral expenses for apportionment:

(1) $2,887—Erie City Memorial bill for headstone.

(2) $6,940—Devlin Funeral Home.

(3) $3,216—Burton Funeral Home.[1]

---

1. The original bill submitted for Burton Funeral Home was a total of $3,596. An amount of $380 was allocated for sedans. This amount

The next step in the analysis is the apportionment of the funeral expenses, which total $13,043. Plaintiff has suggested that since she alone sought life insurance for Kayla and paid the premiums on the life insurance policy, the benefits payable on Kayla's death are solely for plaintiff's disposition and do not have to be applied against the funeral expenses. Furthermore, plaintiff contends that even if said benefits are used to pay the funeral expense, defendant should not receive the benefit of the life insurance policy, but rather should pay 50 percent of the total uninsured costs. Defendant's position is that the life insurance policy must be applied to the funeral expenses and the court should only apportion the unreimbursed portion of the expense.

Initially, it is noted that upon further direction of this court, plaintiff submitted additional information regarding the life insurance policy taken out on Kayla. The information indicates that plaintiff paid $0.028 per every $1,000 of insurance coverage out of pocket toward Kayla's life insurance policy. At the time of death, the balance on the policy was $10,000. Thus, plaintiff was paying a maximum of 28 cents per month for Kayla's coverage. Plaintiff did not indicate when she initially retained the life insurance policy, but stated that it was before Kayla was diagnosed with cancer.

When considering the facts of the instant case, this court finds that the life insurance benefit for Kayla, which

---

of $380 has been subtracted from the total cost, since plaintiff represented to the court that she would not seek reimbursement for the cost of transportation that was provided for her family, but not provided for defendant or his family. Thus, $380 subtracted from $3,596 equals $3,216.

became payable upon her death, should be applied to Kayla's funeral expenses. Although this court recognizes that plaintiff affirmatively assumed the burden of paying the policy's premiums, she paid a very minimal out-of-pocket expense into said policy. Additionally, plaintiff did not consult with defendant or afford him the opportunity to participate in making any of the funeral arrangements. In fact, plaintiff unilaterally entered into several contracts regarding the arrangements without notifying defendant, and only provided him with notice when seeking reimbursement for costs. Furthermore, the court reiterates that plaintiff received an additional gift of approximately $40,000 from the Cranberry Township community to be used toward Kayla's medical expenses. Although this court ordered an accounting of these funds, none was given as plaintiff kept no records of the monies. It is noted that funeral expenses may have also been paid from this generous donation; however, as there is no accounting, this remains uncertain. Thus, it would not be reasonable to allow plaintiff to now receive in excess of $6,000 from the defendant, when $10,000 of the funeral expenses are covered by insurance, and in the alternative the entire funeral costs could have been paid for using monies received from the $40,000 donation.

Rather, the court finds that it is reasonable for defendant to reimburse plaintiff for 50 percent of the balance of those funeral expenses that remain after applying the $10,000 life insurance policy to the accepted funeral expenses.[2] Accordingly, defendant is directed to reim-

2. It is noted that pursuant to the 1994 order currently governing the parties' support obligations, each party is to bear one half the cost of unreimbursed expenses.

burse plaintiff a sum of $1,521.50, representing 50 percent of $3,043, the balance of the funeral expenses that were not covered by the $10,000 life insurance policy.

Consistent with the foregoing findings, the court issues the following attached order:

## ORDER

And now, to-wit, June 9, 2004, after consideration of oral argument, briefs, and testimony regarding the child support matter before this court, it is hereby ordered, adjudged and decreed that defendant, Robert L. Sansone, shall pay directly to plaintiff, Barbara J. Sansone, the sum of $1,521.50 within 90 days of the date of this order, as per the court's findings in its memorandum opinion of the same date.