LINDQUIST et al. v. CLAYTON et al.

No. 3307.   Decided March 10, 1919.   (179 Pac. 655.)

1  JUDGMENT—LIENS—NATURE OF LIEN.  Judgment liens are wholly statutory. (Page 82.)

2.  DIVORCE—DECREE—LIEN—PERSONAL PROPERTY—ALIMONY DECREE. In view of Comp. Laws 1917, section 6868, making judgment, when docketed, a lien on realty only, divorce decree, giving wife lien on personal property for alimony and support money due her, and providing that decree should be recorded, did not, where not recorded, subject such property to a lien as against creditors without notice. (Page 82.)

3.  EXEMPTIONS — INCUMBRANCE — VALIDITY — SIGNATURE OF MORT-GAGOR'S WIFE—"TOOLS OR IMPLEMENTS OF A MECHANIC OR ARTISAN." Chattel mortgage of soda fountain and bar used in candy store and soft drink establishment was not invalid,

because of failure of mortgagor's wife to join in execution of mortgage, under Comp. Laws 1917, section 486, requiring wife to join in execution of mortgage of exempt chattels, such soda fountain and bar not being exempt, under section 6925, subd. 4, not being "tools or implements of a mechanic or artisan," within such statute. (Page 82.)

4. EXEMPTIONS—PERSONAL PROPERTY—"TOOLS AND IMPLEMENTS OF A MECHANIC OR ARTISAN." Soda fountain and bar used on confectionery and soft-drink establishment are not "tools * * * and implements of a mechanic or artisan" within Comp. Laws 1917, section 6925, subd. 4, exempting such tools and implements from execution. (Page 82.)

Appeal from the District Court of Sevier County, Sixth District; *Hon. H. N. Hayes,* Judge.

Action by C. J. A. Lindquist and others against Marie S. Clayton and others.

Judgment for plaintiffs. Defendants appeal.

AFFIRMED.

*Bean & Hunt* of Richfield, for appellants.

*Joseph H. Erickson* of Richfield, for respondents.

APPELLANT'S POINTS.

By assuming the control of the personal property of A. L. Clayton the district court was simply doing in relation to personalty what this court held in *Murphy* v. *Moyle,* 17 Utah 113; 53 P. 1010, it could do in relation to real property.

The lien became effective when the judgment was recorded by the clerk if at all, and no additional verity could be given it by filing it for record in the office of the county recorder.

RESPONDENT'S POINTS.

"Judgment Liens" are creatures of Statutory Law and owe their life and force to legislation, and nowhere do we

find under the laws of the State of Utah that a judgment becomes a lien on personal property. Ruling Case Law, under title of "Judgments," section 272, p. 808; Note to *"Flint v. Chaloupka,"* 117 Am. St. Rep. p. 778.

WEBER, J.

Plaintiffs brought suit in the district court of Sevier county against Marie S. Clayton and W. S. Greenwood, the sheriff of that county, to enjoin an execution sale by the sheriff of a soda fountain and front and back bars which plaintiffs had in their possession and upon which they had a duly recorded chattel mortgage for $468.50 executed by Archer Lynn Clayton, October 17, 1917, and which amount was due and unpaid.

On August 11, 1917, the district court of Sevier county, in an action wherein said Marie S. Clayton was plaintiff and said Archer Lynn Clayton was defendant, rendered and entered an interlocutory decree of divorce. By the decree Archer Lynn Clayton was required to pay his wife, Marie S. S. Clayton, $15 per month alimony, and the decree purported to give her a first lien upon the soda fountain and all other property of said Archer Lynn Clayton except a certain automobile. The decree also provided that it be recorded in the office of the recorder of Sevier county, but that was not done. It was stipulated that the personal property in question was "reasonably serviceable," and was used in Clayton's business of "making candy and making and mixing soft drinks and confectionery and selling the same" till January, 1918, when he left Sevier county and abandoned the property, and that there was due from him to his divorced wife the sum of $250 by reason of the judgment on which execution had been issued and placed in the hands of the sheriff for levy on the personal property above mentioned. The district court granted plaintiffs a judgment enjoining the defendants from interfering with plaintiffs in enforcing and foreclosing their chattel mortgage. From that judgment defendants have appealed.

The questions involved are whether Marie S. Clayton, one

of the defendants, had a lien on the soda fountain and front and back bars, and whether the soda fountain and bars were exempt from execution.

Judgment liens are wholly statutory.    Under the laws of this state a judgment of a district court is a lien upon the real estate of the debtor, and not upon his per-    1, 2 sonal property.   Comp. Laws 1917, section 6868, provides that "from the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor not exempt from execution in the county in which the judgment is given."   It is claimed, however, that Marie S. Clayton had a lien upon the personal property of the husband for the reason that the decree in the divorce case specifically mentioned that she should have a lien on the property for alimony and support money due her.   It is apparent that it was thought in the divorce case that the alleged judgment lien could be made effective by recording the decree in the office of the county recorder, but it was not recorded, and, as to creditors without notice, the judgment was not a lien upon the chattels in question.

Appellants' second contention is that as the relation of husband and wife existed between appellant Marie S. Clayton and the mortgagor at the time the latter ex-    3, 4 ecuted the chattel mortgage, the mortgage was invalid for the reason that the mortgaged property was exempt from execution.   According to the provisions of Comp. Laws 1917, section 486, no mortgage of exempt chattels executed by the husband is valid unless the wife joins in its execution.    If the soda fountain and bars used by a confectioner in his business are exempt from execution the chattel mortgage given by Archer Lynn Clayton to plaintiffs is invalid.   Comp. Laws 1917, section 6925, subd. 4, provides that "the tools, tool chest, and implements of a mechanic or artisan, necessary to carry on his trade, not exceeding in value the sum of $500.00" shall be exempt from execution.    When laws relating to chattel exemptions are not plain and there is occasion for construction, they should be liberally construed in favor of exemptions.   Such statutes are remedial in charac-

ter, and are intended to protect the mechanic or artisan in the possession of the tools and implements of his trade and to prevent his being deprived of the means of earning a living at his vocation. The language of the statutes varies so much in the different states that no general rule applicable has been or could be laid down by the courts, and therefore decisions of other states construing statutes different from that of Utah are of no particular assistance to us in arriving at a conclusion in this case. 'To construe the statute as providing that tools and implements of a mechanic or artisan embrace a soda fountain and a bar used in a candy store and soft-drink establishment would be a construction that would be liberal beyond all reasonable limits and would do violence to the plain letter of the law. We therefore conclude that the soda fountain and bars on which respondents had a mortgage were not exempt property, and that the joinder of the mortgagor's wife in the execution of the chattel mortgage was not necessary to its validity.

Judgment affirmed, with costs.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.