SPANGLER v. CORLESS, Sheriff, et al.

No. 3883.   Decided December 8, 1922.   (211 Pac. 692.)

EXECUTION—AUTOMOBILE USED BY PHYSICIAN IN MAKING CALLS EXEMPT FROM EXECUTION. Under Comp. Laws 1917, § 6925, subd. 6, providing that "* * * one horse, with vehicle and harness, or other equipments, used by physician, surgeon, * * * in making his professional visits," shall be and are exempt from execution, an automobile used by a physician for that purpose is exempt from execution regardless of its value.

Appeal from District Court, Third District, Salt Lake County; *Wm. M. McCrea*, Judge.

Action by H. B. Spangler against John S. Corless, Sheriff, and the Miller-Cahoon Company. From a judgment in favor of plaintiff, defendants appeal.

AFFIRMED.

*D. W. Moffat*, of Murray, for appellants.

*Rich, Rich & Roberts*, of Salt Lake City, for respondent.

WEBER, J.

Plaintiff brought suit in the district court of Salt Lake county against John S. Corless and the Miller-Cahoon Company, a corporation, for the value of an automobile levied

upon and sold by John S. Corless, then sheriff of Salt Lake county. It is averred in the complaint that plaintiff owned the automobile at the time of its seizure by defendant Corless, and that plaintiff, a regularly licensed and practicing physician in the state of Utah, used the car in making his professional visits as a physician and surgeon. As an affirmative defense the Miller-Cahoon Company alleged in its answer that in September, 1917, defendant purchased from the defendant Corless, sheriff of Salt Lake county, state of Utah, in pursuance of a levy and execution, one Studebaker automobile, 1917, for the sum of $200; that said purchase was made in pursuance of an execution duly issued out of the justice's court in and for Murray precinct, county of Salt Lake, state of Utah, issued by A. A. Biorn, justice of the peace, which said execution was given under his hand on the 14th day of August, 1917, due return of which was made under said execution, and which said execution was issued upon a valid and subsisting judgment out of said court in which the plaintiff herein, H. B. Spangler, was the judgment debtor. A separate answer was filed by defendant Corless. The case was tried before a jury, who returned a verdict in favor of plaintiff and against defendants. From the judgment entered upon the verdict defendants appeal.

In its charge to the jury the court said:

"If you believe from a preponderance of the evidence that the automobile in question was in fact used at the time of the levy under the execution herein by the plaintiff, H. B. Spangler, as a physician and surgeon in making his professional visits, then, as a matter of law, said automobile was a vehicle and equipment exempt from execution under the provisions of said statute and was exempt from execution, and any levy upon and sale thereof by defendants would constitute an unlawful conversion of said automobile by said defendants for which plaintiff would be entitled to recover damages."

To this instruction defendants excepted, and now assign it as error on appeal, so that the vital question in this case is whether an automobile used by a physician or surgeon in making his professional visits is exempt from execution.

The statute (Comp. Laws 1917, § 6925, subd. 6) provides that—

"Two oxen, two horses, or two mules, and their harness; and a cart and wagon; one dray or truck, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster, or other laborer habitually earns his living; and one horse, with vehicle and harness, or other equipments, used by a physician, surgeon, or minister of the gospel, in making his professional visits," shall be and are exempt from execution.

Appellants' counsel cites *Crown Laundry & Cleaning Co. v. Cameron*, 39 Cal. App. 617, 179 Pac. 525, decided by the District Court of Appeals, Second District, California, in which the following language of the statute of that state specifying what. property in certain cases shall be exempt from execution was construed.

"Two horses, two oxen or two mules, and their harness, one cart or wagon, one dray or truck, one coupé, one hack or carriage, for one or two horses, by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster, or other laborer habitually earns his living. ᵥ * * *" ·

"After quoting from the statute as above, the court says:

"Clearly it appears to us that a motor-driven vehicle is not a cart, wagon, dray, truck, coupé, hack, or carriage, as those terms are used in the section. The section plainly says that such exempt vehicles are vehicles which may be drawn by 'one or two horses.' If the Legislature intended that a motor vehicle should be exempt from attachment, we think that it would have so declared in plain terms, and that for the courts to add to the statute any articles not enumerated would in effect be judicial legislation."

The reason given by the California court does not seem convincing to us. While automobiles. were unknown when the Utah statute was first enacted, the intent of the Legislature was, nevertheless, to exempt the means of conveyance used by the physician in making his professional calls. An automobile is a vehicle. As stated by the court in *Lames v. Armstrong*, 162 Iowa, 327, 144 N. W. 1·, 49 L. R. A. (N. S.) 691, Ann. Cas. 1916B, 511:

"An automobile is a vehicle within this law. * * * That it is a vehicle there can be no doubt, and that the motive power is gasoline instead of a horse or horses is not material under the exemption law."

An automobile is as essential to the physician now as a horse and buggy were in the past. In these days an auto-

Appeal from Third District

mobile is his only practical means of conveyance. If, then, the exemption statute is liberally construed, the conclusion is not far fetched that its purpose is to exempt the physician's means of conveyance when calling upon his patients.

The authorities on this subject are not in harmony. They are collated in Berry on Automobiles (3d Ed.) § 1439, and Huddy on Automobiles, §§ 8-11.

During the oral argument it was suggested by appellants' counsel that, if an automobile were held to be exempt, a physician with clamoring creditors could use a $5,000 machine and defy his creditors. The same thing would be true if the physician had a $5,000 carriage, silver mounted harness, and a horse worth as much more., But the value of the horse, harness, and vehicle would be wholly immaterial under the exemption law. Nor is value in any sense material when a motor vehicle is owned and used by a physician in making his professional calls.

Judgment affirmed.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.