HAMITER, Justice.
The pertinent facts and circumstances relating to the instant appeal are as hereinafter set forth.
On April 10, 1953, a judgment was signed by the Civil District Court for the Parish of Orleans in favor of plaintiff, Mrs. Rose Marie Mickenheim Cathcart; and' against the defendant, Roy Leslie Cathcart, which awarded to the former a separation from bed and board, the care and custody of the minor child born of the marriage,, alimony of $160 per month for the maintenance and support of herself and such child,, attorneys’ fees in the sum of $500, and all costs of the suit.
From that judgment the defendant appealed to this court. However, the appeal was dismissed because of his failure to timely file the transcript and,, as a ^consequence, the judgment became final.
*893 Subsequently, plaintiff, through her attorneys, caused the issuance of a writ of fieri facias under such final judgment, and also caused garnishment to be served on the Mississippi Shipping Company, for the enforced collection of the sums due her which, at the time of the garnishment, were: Alimony of $160 per month from December 19, 1952 (approximately; $1,100), attorneys’ fees of $500, and court costs of $129.25, all subject to a credit of $326.49.
The defendant, a seaman in the employ of the garnishee, moved to dissolve the entire garnishment. In the motion he averred that the support (alimony) for the wife and child had not been reduced to a money judgment and, further, that the garnishment was issued without his wife’s knowledge and consent. As to the attorneys’ fees and court costs, for which seizure of his wages under the garnishment was also being iattempted, mover invoked the provisions of 46 U.S.C.A. § 601 which recite: “No wages due or accruing to any seaman or apprentice shall be subject to attachment or' arrestment from any court, * * * Provided, That nothing contained in this * * * shall interfere with the order by any court regarding the payment by any seaman of any part of his wages for the support and maintenance of his wife and minor children.”
After a hearing on the motion to dissolve, the district court rendered a judgment decreeing “ * * * that the garnishment issued herein is hereby revoked, annulled and set aside insofar as the items of attorneys’ fees and costs are concerned and the said garnishment to remain in full force and effect in all other respects.”
Plaintiff obtained an order for the present appeal to the Orleans Court of Appeal from the portion of such, judgment which adversely affected her. And that tribunal transferred the appeal to this court for the reason that the proceeding involves alimony and, therefore, we have appellate jurisdiction of it. See 71 So.2d 575.
In our consideration of the appeal we have had no assistance from appellee (the defendant), his counsel having failed to favor us with either oral argument or a brief. .On the other hand counsel for appellant, with reference to the federal exemption statute invoked by appellee under his motion to dissolve the garnishment, cite in their brief numerous authorities in support of the contention that “Attorneys’ fees and costs for the securing of a separation and alimony on behalf of the wife and child are considered a necessary and incidental expense to the obtaining of the separation and alimony and, therefore, a seaman’s wages are not exempted from seizure in satisfaction of such a claim; and it was error for the trial judge to revoke, annul and set aside the writ of garnishment insofar as these items are concerned.”
 It is almost universely considered that^ the purpose, of exemption laws gen *895 erally is to protect an unfortunate debtor and save to him a means of supporting his family. And in keeping with this purpose the courts have unanimously declared, insofar as we are able to determine, that a debtor cannot avail himself of the statutory exemption to deprive his wife and children of support and maintenance for the protection of which those laws were designed. To that end they have held that an alimony judgment, constituting a judicial recognition of the husband’s duty to support, is excepted from the exemption, even when there is no specific exception to that effect recited in the statute.
As stated in 35 C.J.S., verbo Exemptions, § 1, page 8, “The exemption laws are founded on public policy. Some authorities regard the allowance of the exemption as being for the benefit of the debtor, while others regard it as in the nature of a police regulation primarily for the benefit of the community; in any event, the purpose underlying exemption legislation is the securing to the unfortunate debtor of the means to support himself and his family, the protection of the family being the main consideration.” (Italics ours.)
Substantially identical language contained in 25 Corpus Juris, page 8, Section 2 was quoted with approval in the case of Young v. Geter, 185 La. 709, 170 So. 240, 107 A.L.R. 608, the court emphasizing the last statement of the paragraph.
And 130 A.L.R. page 1028, in an annotation, states: “In the three cases in point decided since the publication of the supplemental annotation in 106 A.L.R. 669 * * the courts have taken the view that inasmuch as the purpose of the exemption statute is to protect not only the husband but also his family from destitution and becoming a public charge, the exemption statutes will not, unless the contrary intention is clearly shown, be construed to enable the husband to claim its benefit against the very persons to whom he owes the obligation of support and maintenance, and that to construe the statute otherwise would,- at least in part, defeat its avowed object. .* * * «
To a similar effect is an observation contained in 35 C.J.S., verbo Exemptions, § 83, page 115.
With reference to the legislation presently under consideration Congress was -particularly careful that the exemption thereby afforded a seaman should not be used as a means of avoiding the duty to support his family, it having incorporated therein the proviso that the immunity furnished should not interfere with the judicial enforcemént of payment by a seaman of his wages for the support of his wife and children.
In view of the purpose of exemption laws generally, and since the present one evidences a specific intent to benefit the debtor’s family as well as the debtor, it would seem to follow that the objective of the statute relied on by this defendant would be defeated if his wife cannot enT force collection from his wages of the attorneys’ fees and costs expended by her which were incidental to and necessary for *897 the obtaining of an alimony judgment. As plaintiff’s counsel appropriately comment: “ * * * To rule otherwise would, in effect, nullify the specific exception found in the instant statute; for the husband by forcing the wife into court each time she sought to collect alimony would cause her to incur legal expenses which would only reduce the alimony necessary for her support if the wife had to pay them' out of the alimony she recovered.”
Courts of other jurisdictions, in at least three cases, have allowed attachment of otherwise exempt property to enforce payment of attorneys’ fees and costs expended in securing an alimony judgment, even though support and maintenance were not specifically excepted in the statutes. Hannah v. Hannah, 191 Ga. 134, 11 S.E.2d 779; Felder v. Felder’s Estate, 195 Miss. 326, 13 So.2d 823; Littleton v. Littleton, 224 Ala. 103, 139 So. 335.
Accordingly, we hold that the exemption claimed by this defendant does not apply to the demand for attorneys’ fees and cost9 required to be expended by plaintiff in obtaining the award-for support and maintenance of herself and child.
It does not appear, however, that the-attorneys’ fees and costs incidental to the securing of plaintiff’s judgment of separation are similarly excepted from the exemption. They do not fall in the same cate-'" gory as those relating to the recovery of alimony and are covered by neither an implied nor an expressed exception in the statute.
Since the instant attorneys’ fees of $500 ánd court costs of $129.25 were awarded in the separation suit in lump sums, and the-record of that proceeding is not before this court, it is impossible for us to ascertain what portion of such.rfees and costs relate to the obtaining of the alimony judgment. For this reason the cause must and-will be remanded to the' trial court in order that it can determine the attorneys’ fees and costs attributable to the alimony judgment. Thereafter that tribunal shall fur-' ther sustain the garnishment to the extent of the amounts thus determined.
For the reasons assigned that part of’ the judgment appealed from is reversed' and set aside and the case is remanded t6 the district court' for further proceedings' according to law' and consistent with the views herein expressed. ■ Costs .of this- appeal shall be paid by appellee.