325 P.2d 908

**Russell M. MILLER COMPANY, Plaintiff and Appellant,**

v.

**B. T. GIVAN, Defendant and Respondent.**

No. 8773.

Supreme Court of Utah.

May 20, 1958.

Cotro-Manes & Cotro-Manes, Salt Lake City, for appellant.

C. Richard Henriksen, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff, Russell M. Miller Company, had a judgment for $4,327.82 against the defendant, B. T. Givan, upon which it caused execution and garnishment in aid thereof to be issued and served upon First Security Bank. The bank answered that Givan had on deposit $865.41, which, pursuant to garnishee judgment, the sheriff proceeded to collect.

Givan filed an affidavit claiming one-half of the fund under 78–23–1(7) U.C.A. 1953, which makes exempt from execution:

"One-half of the earnings of the judgment debtor for his personal services rendered at any time within thirty days next preceding the levy of execution * * * when it appears by the

debtor's affidavit that he is a married man, or head of a family * * * supported wholly or in part by his labor. * * *"

The point of contest is whether the money was derived from the "personal services" of defendant.

Defendant deals in automobiles. His method of operation is to purchase a car at any of various points in the surrounding states, using drafts upon The Salt Lake Auto Auction; then to drive and deliver it to the latter business before the draft is presented for payment. The profit he realizes in buying and selling the cars pays for his efforts in operating the business.

Plaintiff argues that the exemption statute was purposed to protect laborers wages to safeguard support of the family; and that the operation of a business enterprise such as defendant was engaged in, involving the use of capital, does not come within the purview of such statute.

It seems clear beyond dispute that the language of the statute, "earnings of the judgment debtor for his personal services," is intended to have a broader application than the restrictive meaning of the phrase "wages of a laborer" which the plaintiff seeks to place thereon. This idea is implemented by the generally approved rule that exemption statutes are liberally construed in favor of the debtor to protect him and his family from hardship.[1] Viewed in that light the term "earnings" as used in the statute is generally held to include earnings of any character, either from working for others or from self employment, so long as it actually represents compensation for personal services.[2]

The fact that the debtor may use some capital or credit, tools or equipment, or automobiles or other property as an aid in producing such income would not deprive him of the benefit of the exemption allowed by law. Even if the plaintiff had shown, as he contends, that part of defendant's income was a return on capital investment, or that other elements than the efforts of the debtor actually produced part of the income, defendant would still be entitled to his exemption on the portion of his income representing reasonable compensation for his efforts, provided it could be ascertained.[3] But plaintiff made no sufficient showing to require any such apportionment.

1. See Lindquist v. Clayton, 54 Utah 79, 179 P. 655; Spangler v. Corless, 61 Utah 88, 211 P. 692, 28 A.L.R. 72; Hollywood Credit Clothing Co. v. Jones, D.C.Mun. App., 117 A.2d 226, 51 A.L.R.2d 944; Mickenheim v. Cathcart, 228 La. 890, 84 So.2d 449, 54 A.L.R.2d 1418.

2. Stranger v. Harris, 77 Colo. 340, 236 P. 1001; Williams v. Sorenson, 106 Mont. 122, 75 P.2d 784.
3. See 35 C.J.S. Exemptions § 47, p. 86 (note 45) citing Wineblood v. Payne, 129 Okl. 103, 263 P. 669.

Plaintiff also makes the claim that it was necessary for the defendant to incur expenses in hiring others to do some driving of the cars; and that his expenses should be deducted so that the exemption would be allowed only on the net income. That contention is correct. The exemption, of course, should not be allowed on the gross amount taken in but upon the net earnings. However, plaintiff's attempt to show that such expenses were incurred was likewise futile.

Pertinent to both of the contentions of the plaintiff is the fact that the defendant testified positively that the money in the account represented earnings only for his own personal services. Without detailing the evidence it can be said in summary that his statement was not impugned or discredited, either on cross-examination, or by any countervailing evidence. The trial court found in accordance therewith and the finding is therefore unassailable on appeal.[4]

Affirmed. Costs to defendant.

McDONOUGH, C. J., and WADE, WORTHEN, and HENRIOD, JJ., concur.

4. Toomer's Estate v. Union Pacific R. Co., 121 Utah 37, 239 P.2d 163.