Francis X. Conlon, J.
Plaintiff moves for summary judgment. One John J. Scott, a seaman, had instituted an action upon a first cause under the Jones "Act (U. S. Code, tit. 46, § 688) and upon a second cause for the recovery of maintenance and cure. The first cause was dismissed. The second cause resulted in judgment for the plaintiff. He had been a recipient of public assistance and on August 6, 1952 had assigned to this plaintiff ‘ ‘ All my right, title, claim and interest in and to the proceeds of my claim against Marine Fireman Navigation Ship Co., and/or any other individual partnership, or corporation, and to any judgment or settlement which I have recovered or may recover by reason thereof, arising from injuries sustained on or about June 5, 1950 at Buffalo, New York.”
Notice of this assignment was given to the defendants, who .acted as the attorneys for Scott in that action. Upon distribution of the whole of the proceeds of the judgment obtained upon the second cause, the defendants failed to honor the assignment and this action is brought to recover the amount due to Scott and payable to him pursuant to the assignment and notice.
The contention that the assignment covers only the proceeds, if any, of a judgment obtained on the first cause of action is without merit. There is no such nicety in the language of the assignment which would require an interpretation that makes any distinction with respect to the several elements of damage *997 and benefits which may be demanded as resulting from the claim and the injuries sustained.
The assignment therefore attaches to both causes of action. Nevertheless, as to the second cause the assignment is invalid. The contention that maintenance and cure represents wages must be sustained. Accordingly, an assignment of a claim of right to maintenance and cure is prohibited. Section 601 of title 46 of the United States Code provides: “No wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court, and every payment of wages to a seaman or apprentice shall be valid in law, notwithstanding any previous sale or assignment of wages or of any attachment, encumbrance, or arrestment thereon; and no assignment or sale of wages or of salvage made prior to the accruing thereof shall bind the party making the same, except such allotments as are authorized by this title” (i.e., allotments to dependents made by seamen).
It is quite true that distinction has been made between the rights of the seaman to recover loss of wages and maintenance and cure. (See Berglann v. The Winona, 46 F. Supp. 483, 484; Smith v. Lykes Bros.-Ripley S. S. Co., 105 F. 2d 604.) It is to be noted, however, that where the period for which loss of wages is recoverable and the maximum period for which maintenance and cure is recoverable coincide, only one of them is recoverable with right of additional recovery for maintenance and cure when its maximum period extends beyond the point of cessation of loss of wages. (See Gomes v. Eastern Gas & Fuel Associates, 132 F. Supp. 29, 31.)
In the context of the issue here maintenance and cure, a right arising out of a contractual relationship, must be considered wages in like manner as pension and welfare benefits are considered part of the laborer’s compensation. (See Martin v. Casey & Sons, 5 A D 2d 185.)
The remaining contentions require no further consideration.
Plaintiff’s motion is denied and summary judgment must be awarded to the defendants.
Settle order.