THE STATE, EX REL. KREWSON, *v.* THE PUBLIC EMPLOYEES RETIREMENT BOARD OF OHIO ET AL.

(No. 39000—Decided April 7, 1965.)

*Mr. Robert M. Krewson* and *Mr. Ralph D. Kovanda,* for relator.

*Mr. William B. Saxbe,* attorney general, *Mr. Larry G. Brake* and *Mr. E. W. Mastrangelo,* director of law, for respondents.

ZIMMERMAN, J.   A controlling factor in determining benefits under the Public Employees Retirement System is the "final average salary" of the employee.  "Final average salary" is defined in applicable Section 145.01 (K), Revised Code, effective June 30, 1959, as follows:

"* * * 'final average salary' means the highest average *annual compensation* of a member during any five years of contributions and shall be determined by dividing the *total earnings* as a public employee during such period by the service credited during such period * * *." (Emphasis supplied.) And, see Section 145.47, Revised Code, pertaining to the amount of contributions required of a public employee who is a member of the Public Employees Retirement System from "his earnable salary or compensation."

During relator's tenure as law director, his compensation was fixed by ordinance. As far as the present case is concerned, the salary ordinances are the same, so only the provisions of the 1958 ordinance will be quoted:

"Section 1. That retroactive from January 1, 1958, the following compensation shall be paid to the persons performing the following duties of:
"* * *

"(i) Director of Law                    $5,000.00 annually payable monthly from the general fund, and a fee equal to 1% of the face amount of any promissory note or notes and 1% of the face amount of any bond or bonds issued by the city of Wickliffe for whatever purposes; provided, however, that such fee shall not be applicable with respect to any promissory note or notes that may be issued by the city for operating purposes. Such fee shall be paid, upon receipt of statement therefor, from the proceeds of such promissory note and/or bond issue and shall be included as one of the purposes for which such promissory note or notes, bond or bonds are issued without specific mention thereof in the resolution, ordinance, transcript or other proceedings through which or by means of which such promissory note or notes, bond or bonds are authorized and/or issued."

From 1955 until 1961, relator received substantial amounts under that part of the ordinance providing for fees from the issuance of the specified promissory notes and bonds. His average yearly compensation from the city during the five-year period, including his salary, was $18,867.90 per year.

However, in the computation of his retirement benefits, relator's participation was based solely on his salary. Ex-

cluded were the amounts relator received from the note and bond issues.

It is relator's contention that his "final average salary" for the purpose of computing his retirement benefits should be based on the total compensation received by him from the city.

Respondents urge that "final average salary" should be determined in relation to the definition of salary earnable as included in the act. "Salary earnable" is defined by Section 145.01 (S), Revised Code, in the following language:

" 'Salary earnable' means salary or wages receivable during a payroll period for personal services plus such allowance for maintenance as are certified by the heads of departments."

Respondents argue that under this definition the fees and commissions received by relator by virtue of the note and bond provisions of the ordinance were not "salary earnable" and cannot be taken into account.

Thus, the precise question is whether income received by a public employee from a public employer which would not fall strictly within the definition of "salary" or "wages" is to be considered in determining the "final average salary" for the purpose of fixing benefits under the Public Employees Retirement System.

What, then, constitutes "final average salary"? This term is clearly and separately defined, and it is upon this statutory definition that the dispute should be resolved. Under the statutory definition, "final average salary" is the highest average annual compensation received during any five years of contributions and is determined by dividing the *total earnings* as a public employee during such period by the service credited during the same time.

Nowhere in such definition does the word, "salary," appear. Consequently, "final average salary" includes both salary *and* the fees received by relator by reason of the issuing of the notes and bonds, and his retirement benefits are to be computed accordingly. See *Russell M. Miller Co.* v. *Givan,* 7 Utah 2d 380, 325 P. 2d 908.

Relator seeks also by this action to compel respondent city to complete the necessary forms to show his proper annual compensation and to make the necessary contributions to the ap-

propriate fund *plus* a contribution to the employees' savings fund of the amount which should have been withheld from relator's earnings.

Undoubtedly, respondent city has the duty to complete the forms and to pay the employer's contribution to the proper fund. It has no duty, though, to pay relator's share. He is chargeable with and must contribute the amount due from him.

It is incumbent on respondent board to recompute relator's benefits, inclusive of the amounts received by him under the note and bond provisions of the ordinances, subject to the limitation on the maximum amount of relator's total earnings and compensation upon which retirement benefits can be computed as provided in applicable Section 145.33 (H), Revised Code.

The demurrer to the petition is overruled, and a writ of mandamus is allowed in favor of relator under the conditions and upon the basis stated in this opinion.

*Writ allowed accordingly.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.