UNION PACIFIC RAILROAD COMPA-
NY, Plaintiff and Respondent,

v.

The MOUNTAIN STATES TELEPHONE
AND TELEGRAPH COMPANY, a cor-
poration, Defendant and Appellant,

v.

SALT LAKE CITY, a Municipal
Corporation, Cross-Defendant
and Respondent.

No. 15872.

Supreme Court of Utah.

April 12, 1979.

Grant Macfarlane, Jr., of Van Cott, Bag-
ley, Cornwall & McCarthy, Salt Lake City,
for defendant and appellant.

Ronald W. Eubanks, Salt Lake City, for
Union Pacific.

Roger F. Cutler, City Atty., Salt Lake
City, for Salt Lake City.

CROCKETT, Chief Justice:

Defendant Mountain States Telephone
and Telegraph Company appeals, seeking to
reverse a declaratory judgment holding
that the plaintiff Union Pacific Railroad
Company has a right to maintain and use
communication cables under the streets in
Salt Lake City between its offices on Main
Street and its depot complex on Third West.

Defendant Mountain States is the general
telephone utility which has the exclusive
authority to serve the intermountain area.
It also has a franchise from Salt Lake City
to conduct its telephone business therein
and to utilize and streets for the construc-
tion and maintenance of wires, cables and
underground conduits throughout the city.

Plaintiff Union Pacific is also a general
public utility authorized to operate in Salt
Lake City, in Utah and other states. It is
noteworthy that both it and defendant
Mountain States are subject to any appro-
priate and necessary regulation as public
utilities by the Public Service Commission
of Utah and the Federal Interstate Com-
merce Commission.

In 1945, Salt Lake City authorized plain-
tiff Union Pacific to install a tube under its
streets for the purpose of pneumatic trans-
mission of tickets, papers or documents be-
tween its offices and its depot. During the
succeeding 28 years, there was a great deal
of progress in the development of methods
of transmitting information by electronic
and telecopier equipment. Consequently, in
1973 Union Pacific installed cables in the
tube, through which information is trans-
mitted electronically instead of by physical
transportation of documents.

When the lines were installed in the tube, plaintiff Union Pacific requested the telephone company to make certain connections between some of its cables and the telecommunications facilities of the phone company. The request was refused and this suit was instituted to determine the rights of the parties.

The phone company contends that the original grant of the right to lay a pneumatic tube did not give to the railroad company the right to subsequently install telephone cables therein, and that if it had so intended, the ordinance would be void since the city has no authority to grant to the railroad the use of the city streets for the laying of telephone cables.

The statute under which the city has authority to make such grant is Section 10–8–14, U.C.A., 1953, which provides that it:

> . . . may construct, maintain and operate waterworks, sewer collection, sewer treatment systems, gas works, electric light works, telephone lines or public transportation systems, *or authorize the construction, maintenance and operation of the same by others* . . . [Emphasis added.]

Consistent with the view taken by the authorities generally, this Court has approved a somewhat broad and realistic view of grants of authority to render a public service. In the case of *Ogden City Ry. Co. v. Ogden City*, et al.,[1] the plaintiff had been granted permission in 1883 to operate a street railway under a statute which authorized the city to exercise the power of eminent domain over streets in behalf of steam and horse railways. Seven years later, the city authorized another company to operate an electric street railroad over the same streets. The plaintiff there argued that the statute did not authorize the city to permit its streets to be used in connection with electric railroads. The court observed that at the time of the enactment, electric rail-

ways were not mentioned because they were not in use, but that through ingenuity and invention they had come into use and were performing the same function as the horse railways had done. The court concluded that in carrying out the purpose of the law, the statute should be construed to include electric railways.

The same principle of law was applied in the later case of *Rich v. Salt Lake City Corp.*[2] The question arose as to whether the city could engage in bus transportation under a statute which permitted cities to "construct, *maintain and operate* . . . telephone lines or *transportation systems*, or authorize the construction, maintenance and operation of the same by others . . ." This Court rejected the argument of plaintiff that the language should be given a narrow and restrictive application. In accordance with what we think is the sound doctrine: that the law and its interpretation should keep abreast of changing conditions, it adopted the realistic view that inasmuch as motor buses had become the more practical means of street transportation, the authorization of the city to maintain and operate transportation systems was not limited to the former "street railway," but should reasonably be deemed to include transportation by buses.

There is a plainly apparent parallel between the cases just referred to, and the doctrine of statutory interpretation espoused therein, and the problem confronted in the instant case. By means of advanced technology, the plaintiff Railroad is performing only the same function of transmitting information, but in a speedier and more efficient manner than formerly was done by the sending of the physical documents by pneumatic force through the tube. It is significant that this communication does not involve communications between plaintiff and the public, nor between members of the public, but, is strictly inter-com-

1. 7 Utah 207, 26 P. 288 (1891).

2. 20 Utah 2d 339, 437 P.2d 690 (1968); cf. also *Spangler v. Corless*, 61 Utah 88, 211 P. 692 where this Court held that under the exemption statute, Sec. 6925(6) C.L.U.1917 of ". . .

one horse, with vehicle and harness, . . . used by a physician . . ." was held to exempt an automobile; and the fact that the motive power is gasoline instead of a horse was not of material significance.

pany communication within the functioning units of the Railroad itself. It is thus a means of enabling the railroad to render a better service to its customers and to the public in general, but does not infringe upon defendant Mountain States' exclusive right to provide telephone services to and between members of the public.

Consistent with what has been said herein, it is our conclusion that it is within the authority granted to the city under Sec. 10–8–14, U.C.A., 1953, quoted above, to enact the ordinance permitting the plaintiff Union Pacific to 'construct the tube under the city streets for its own communication system; and that its use for an inter-company telecommunication system, instead of the pneumatic transmission of documents, is consistent with the intent and purpose for which the tube was installed, and is not in violation of any right of defendant Mountain States Telephone Company.

Other arguments made by defendant Mountain States have been considered and deemed to be without merit.

Affirmed. The parties bear their own costs.

WILKINS, HALL and STEWART, JJ., and GEORGE E. BALLIF, D. J., concur.

MAUGHAN, J., having disqualified himself, does not participate herein.