SHORES, Justice.
The single issue in this case is whether 46 U.S.C. § 11109(a) prohibits the garnishment of the wages of a seaman to satisfy a *112 judgment that had been entered against the seaman for the unpaid hospital bill of his deceased wife. The trial court held that the wages of the seaman could not be garnished under these conditions, and vacated the garnishment. We affirm.
The University of South Alabama, d/b/a University of South Alabama Medical Center (hereinafter “USA”), obtained a $20,-680.79 judgment against Buck F. Shanks for medical services rendered to his deceased wife. Pursuant to this judgment, the process of garnishment was initiated with John E. Graham & Sons (hereinafter “Graham”) as garnishee. Mr. Shanks is employed by Graham as an unlicensed engineer on the motor vessel Weston G., working out of Intercoastal City, Louisiana.
As ordered by the trial court, Graham began withholding an amount from Shanks’s wages; however, Graham filed a motion to vacate the garnishment, based on 46 U.S.C. § 11109(a). The trial court granted the motion to vacate, and this appeal ensued.
The resolution of this appeal turns on the proper interpretation of the following federal statute.
“Wages due or accruing to a master or seaman are not subject to attachment or arrestment from any court, except for an order of a court about the payment by a master or seaman of any part of the master’s or seaman’s wages for the support and maintenance of the spouse or minor children of the master or seaman or both. A payment of wages to a master or seaman is valid, notwithstanding any prior sale or assignment of wages or any attachment, encumbrance, or arrestment of the wages.”
46 U.S.C. § 11109(a). Both parties agree that the exception to the exemption is for the benefit of the seaman’s wife and minor children, not for the benefit of the seaman’s creditors.
There are two essential elements that must be satisfied in order to invoke the exception to the exemption. First, there must be an order from a court, and second, the court order must be about the seaman’s payment for support or maintenance of the spouse or minor children.
In the instant case, the first element is satisfied in that we have a judgment against the seaman. However, the appellant fails to satisfy the second requirement because the judgment is for a past due debt, not for the support or maintenance of the spouse or minor children.
The appellant would have us look beyond the court order to the nature of the underlying debt in order to determine that the judgment in the instant case falls within the exception to the exemption. Considering the purpose behind the statute, we believe it is appropriate to look to the nature of the court order, not to the nature of the underlying action. Both sides agree that other jurisdictions have reached different conclusions on this issue, and there is no controlling case from the United States Supreme Court. For cases dealing with this question, see: Mickenheim v. Cathcart, 228 La. 890, 84 So.2d 449 (1955); Cunningham v. McCullough, 22 N.Y.S.2d 739 (N.Y. City Ct.1940); McCarthy v. Desmond, 12 Misc.2d 996, 177 N.Y.S.2d 966 (Sup.Ct. 1958).
Accordingly, we hold that the trial court properly vacated the garnishment on the ground that the court order was one for a past due debt, not one for the support or maintenance of the spouse or minor children.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.