**In re Douglas James REINHART, Debtor.**

**David L. Gladwell, Trustee Appellant,**

v.

**Douglas James Reinhart, Appellee.**

No. 09–4028.

United States Court of Appeals, Tenth Circuit.

Jan. 25, 2010.

920

Adam Stephen Affleck, James A. Boevers, Esq., Erin Margaret Stone, Prince, Yeates & Geldzahler, Salt Lake City, UT, for Trustee Appellant.

Duane H. Gillman, Michael F. Thomson, Durham, Jones & Pinegar, Salt Lake City, UT, for Appellee.

Before TACHA, HOLLOWAY, and KELLY, Circuit Judges.

## ORDER CERTIFYING STATE LAW QUESTION

PER CURIAM.

This case turns on whether Mr. Douglas Reinhart's (Debtor) Keogh Plan should have been exempted from his estate when he filed for Chapter 7 bankruptcy. To be exempt, the Utah Code requires the plan be "described in" section 401(a) of the Internal Revenue Code (IRC). *Utah Code Ann.* § 78–23–5 (2000).[1] The Bankruptcy Court found the Keogh Plan was operationally in default on the Petition Date and would not be "qualified" under § 401(a) but was nonetheless "described" in the section and therefore exempt.

The Bankruptcy Court also excluded from the exemption the $20,400 Debtor had paid into his Keogh during the year preceding filing for bankruptcy but the court did not exclude the earnings stemming from that amount. The Trustee, Mr. David L. Gladwell, appealed to the District Court arguing an unqualified plan cannot be described in section 401(a) and the court erred by failing to include the earnings of the contributed amount. The District Court affirmed the Bankruptcy Court's holdings. This appeal followed.

Since the disposition of this appeal centers on an important and unsettled question of the interpretation of Utah's bankruptcy statutes, we certify on our own motion, pursuant to Tenth Circuit Rule 27.1 and Utah Rule of Appellate Procedure 41, this issue to the Utah Supreme Court:

1.  Can a Keogh plan be "described in" section 401(a) of the IRC despite failing to fulfill that section's requirements for qualification, thereby entitling debtor to exempt the plan from his bankruptcy estate property?

---

1.  This statute is now *Utah Code Ann.* § 78B–5–505(1)(a)(xiv) (2008).

Because the resolution of the second issue, of whether the appropriate amount was excluded from the exemption, depends on the resolution of the first issue, we will stay its consideration until the Utah Supreme Court has decided the first issue.

## I. Background

On January 28, 2000, Debtor filed a voluntary Chapter 7 bankruptcy petition. In his amended schedule he claimed a $333,835.65 exemption for his Keogh plan under *Utah Code Ann.* § 78–23–5(1)(a)(x) (2000). This statute permits the funds in a Keogh plan that is "described in" § 401(a) of the Internal Revenue Code to be exempt from the claims of creditors and trustees in bankruptcy.

David Gladwell is the Trustee and he objected to the exemption on two bases: (1) because of operational defaults, the Keogh plan was not qualified under § 401(a) and therefore not described in the section and (2) even if the plan was qualified, the amount contributed in the year prior to the Petition Date would not be exempt from the exemption pursuant to *Utah Code Ann.* § 78–23–5(1)(b)(ii) (2000).[2]

From 1992 until the Petition Date, Debtor was an anesthesiologist. He worked as a sole practitioner until 1996 when he incorporated his practice. In 1992, Debtor established his Keogh plan by adopting a prototype plan offered through Charles Schwab & Co. Debtor was at all relevant times the sole employee under the plan and no one else participated in or contributed to the plan.

One of the non-waivable requirements of the plan was that all eligible employees be made participants. Although Debtor's wife was an eligible employee from 1993 until the Petition Date, she was never included as a participant under the plan. Debtor also failed to have his incorporated practice adopt the Keogh plan so he remained as if he was a self-employed individual despite the fact he was not. Although Debtor did make yearly contributions to the plan, they were not the 10% of each participant's annual compensation as the Keogh plan's documents required. Debtor also failed to have the contributions made through Schwab as the custodian of the Keogh and instead directly made the investments himself. Debtor additionally made an automobile loan to Colleen Parker through the Keogh plan. In 2000, Debtor caused contributions to be made that were $1,455.75 in excess of the maximum contributions limits pursuant to § 415(c) of the Internal Revenue Code.

At trial, Trustee's expert, W. Waldan Lloyd, testified each of these defects would have disqualified the Keogh plan for tax purposes under § 401(a). Mr. Lloyd also testified each of those defects was curable through certain IRS procedures. The Employee Plans Compliance Resolution System (EPCRS) enables employers to self-correct operational errors in their Keogh plans in order to avoid sanctions and tax consequences the IRS would otherwise be authorized to impose. All of the defects that made the Keogh plan operationally in default were curable through EPCRS. The IRS had neither previously qualified nor disqualified the plan.

The Bankruptcy Court decided the Keogh plan was "operationally in default" on the Petition Date. Although the plan was "arguably not tax qualified" it was "nonetheless, described in Section 401(a)" and therefore exempt from the estate. Aplt.App. at 51. The Bankruptcy Court relied heavily on *In re Kaplan,* 162 B.R. 684 (Bankr.E.D.Pa.1993) (holding the term "provided for under 401(a)" was broader than "qualified under" and thus a non-

---

**2.** This statute is now *Utah Code Ann.* § 78B– 5–505(1)(b)(ii) (2008).

qualified plan was still conditionally exempted), and decided a plan could be described in § 401(a) without being qualified. *Id.* The court found $20,400 had been contributed to the Keogh in the year prior to filing for bankruptcy and excluded that portion of the plan from the exemption. *Id.* at 28, 31. The court did not include any earnings from that amount. *Id.*

The District Court affirmed the Bankruptcy Court. Trustee appealed.

## II. Discussion

### Whether a "Described" Plan Must be a "Qualified" Plan

Utah's legislature has opted out of the federal exemptions provided under the bankruptcy code. Therefore, the only exemptions available are under Utah law. *See* 11 U.S.C. § 522(b); former *Utah Code Ann.* § 78–23–15 (2000); current *Utah Code Ann.* § 78B–5–513 (2008). On the Petition Date, *Utah Code Ann.* § 78–23–5 read:

> (1)(a) an individual is entitled to exemption of the following property: . . .

> (x) except as provided in Subsection (1)(b), any money or other assets held for or payable to the individual as a participant or beneficiary from or an interest of the individual as a participant or beneficiary in a retirement plan or arrangement that is *described in* Section 401(a), 401(h), 401(k), 403(a), 403(b), 408, 408A, 409, 414(d), or 414(e) of the United States Internal Revenue Code of 1986, as amended. . . .

> (emphasis added)

Section 401 is entitled "Qualified pension, profit-sharing, and stock bonus plans" and subsection (a) lists the "requirements for qualification."

Trustee argues the plain language of Section 78–23–5(1)(b)(ii) requires a Keogh plan be qualified under Section 401(a) by meeting all of its requirements in order to

be described in the Section and thus be exempt from the bankruptcy estate. Because the plain language of a statute is the first source a court will examine when interpreting a statute, the plain language should control. *In re Kunz,* 99 P.3d 793, 794 (Utah 2004). Since the Keogh Plan in question was operationally in default on the Petition Date and did not qualify under Section 401(a), it therefore would not be described in the section.

Additionally, Trustee asserts if a plan were permitted to not meet the section's requirements and yet still be described in that section, such an interpretation would render any reference to those requirements meaningless. Since courts are not supposed to interpret a statute in a manner that would nullify any portion of its language, such an interpretation would be incorrect. *See Perrine v. Kennecott Mining Corp.,* 911 P.2d 1290, 1292 (Utah 1996).

Furthermore, Trustee argues the analysis of *In re Kaplan,* 162 B.R. 684, is inapplicable because that case dealt with a different state's statute and even so the Bankruptcy Court misapplied the case. *Kaplan*'s holding turned on the fact the plan in question had previously been certified and its continued exemption depended on the IRS refraining from de-certifying the plan. *Id.* at 697–98 ("If the IRS intervenes at a later date and disqualifies the Plan, then and only then would it appear to us appropriate to preclude the Debtor from continuing to assert that its proceeds are exempt from claims of the Debtor's creditors.").

Debtor argues exemption statutes "are liberally construed in favor of the debtor" and thus the Keogh plan in question should be exempt. *Russell M. Miller Co. v. Givan,* 7 Utah 2d 380, 325 P.2d 908, 909–10 (1958). The legislative history of the statute is minimal and fails to provide guidance as to the legislative intent. Addi-

tionally, since the plan could have been remedied using the EPCRS program, any deficiencies were technical in nature and should not prevent the court from applying the exemption. Akin to the statute of *In re Kaplan,* this statute permits an unqualified plan to still be described in the section, and the court's policy of interpreting exemption statutes in favor of the debtor support the bankruptcy and district court's interpretation of the exemption statute. 162 B.R. at 697 (describing the exemption statute's language as "very broad, and that it appears to have been drafted to include even plans which are not technically 'tax qualified' within its scope").

In these circumstances, certification is appropriate. The plain language of the statute is ambiguous, the legislative history offers little guidance and the Utah courts have not previously squarely dealt with this issue. If the Utah Code was written to exempt from bankruptcy Keogh plans that fail to meet the qualifications of section 401(a) but are nonetheless described in the section then the bankruptcy and district courts were correct. If the Utah Code was written to integrate the Internal Revenue Code and have only those plans that met the requirements laid out in section 401(a) be exempt from bankruptcy then the courts were incorrect and should be reversed.

### III. Conclusion

The Utah courts do not appear to have answered the question before us. Since this is a controlling question it is appropriate it be certified to the Utah Supreme Court. In the interests of comity and federalism, the Utah Supreme Court should be permitted to answer this question in the first instance if it should choose to do so under Utah R.App. P. 41.

The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk will also forward, under the Tenth Circuit's official seal, a copy of this certification order and the briefs filed in this court to the Utah Supreme Court.

We will appreciate the consideration of this request. This appeal is ordered STAYED pending consideration of the certified question.